**Clarence DILLINGHAM, Appellant,**

**v.**

**Wilbur J. COHEN, Secretary of Health, Education and Welfare, Appellee.**

**No. 25868.**

United States Court of Appeals Fifth Circuit.

Nov. 26, 1968.

Rehearing Denied Dec. 17, 1968.

car, it is a locomotive within the meaning of § 1, supra, and is required by that section to be equipped with power-driving

Joseph E. Wroten, Greenville, Miss., for appellant.

H. M. Ray, U. S. Atty., J. Murray Akers, Asst. U. S. Atty., Oxford, Miss., for appellee.

Before COLEMAN and MORGAN, Circuit Judges, and HUNTER, District Judge.

PER CURIAM:

The District Court declined to set aside the action of the Secretary of

wheel brakes. The court cited with approval the Hoffman case, supra, 353 U.S. at 332, 77 S.Ct. 842.

Health, Education, and Welfare in the denial of disability benefits to the appellant under the Social Security Act. We affirm.

The case has a long history, all of which was thoroughly analyzed in the decision of the hearing examiner dated August 12, 1966. We shall allude only to those portions of that lengthy recitation necessary to the decision of this appeal.

The claimant, Clarence Dillingham, appellant here, filed his first application on January 18, 1957, alleging that he became unable to work in November of 1947 because of blurred vision of the right eye and loss of the use of his right leg. This application was disallowed and was heard before a hearing examiner on November 17, 1958. On January 5, 1959, claimant was notified that the disallowance had been affirmed. No timely request for review was filed. It must be especially noted that the claimant last met earnings requirements on June 30, 1954.

On August 21, 1961, clamant filed his second application, stating that he became unable to work in December of 1948 because of iritis and rheumatoid arthritis. This application was disallowed, the claimant was notified, and there was no request for reconsideration. Under the pre-1965 law the decision of January 5, 1959, as to the record then before it, became final and binding for the period of time from November, 1947 to January 18, 1957 in the absence of new and material evidence, 20 C.F.R. § 404.957(b).

Claimant then filed his third application, May 26, 1965, which is the subject of this appeal. In this third application claimant alleged that he became unable to work at the age of forty-one, November, 1948. Presentation of this case to the hearing examiner took place on July 14, 1966. On August 12, 1966, the hearing examiner held that Dillingham had submitted no new evidence to justify reopening or revising the decisions of the prior hearing examiners, the crucial issue being whether the claimant was disabled, within the meaning of the Act, at any time before June 30, 1954. The hearing examiner further held that the 1959 decision was final and binding and was res judicata with respect to whether the claimant was disabled within the meaning of the Social Security Act as it existed prior to the 1965 amendments. Nevertheless, the examiner went the second mile and did consider all of the evidence but further found that claimant had failed to establish that a qualifying disability existed prior to June 30, 1954, even when measured by the requirements of the 1965 amendments.

Expressly leaving aside the question of res judicata, the District Court, in a memorandum opinion dated December 29, 1967, held, "upon a considered evaluation of the whole record, disregarding for the time the question of res judicata, this Court is unable to say that the findings of the Secretary are not supported by substantial evidence", 42 U.S.C.A., § 405(g). He further held that the claimant was bound by the results of the two earlier applications and that because no new or material evidence had been presented they became, in effect, res judicata of the issues presented in the third application with respect to disability within the critical time (prior to June 30, 1954). Accordingly, judgment was entered, affirming the Secretary.

Claimant, represented by able and diligent counsel, vigorously attacks the judgment of the District Court. In both written brief and oral argument he contends that the findings of the Secretary are not supported by substantial evidence, that it was error for the District Court to have concluded that appellant was bound by the results of the two earlier applications, and compounded the error in concluding that no new evidence with respect to disability within the critical time was adduced at the last hearing.

Upon a review of the entire record, from the inception of the first application to and through the disposition of the third application, a lengthy and voluminous task, we are compelled to agree

with the holding of the District Court that, leaving aside any question of res judicata, the findings of the Secretary, dealing with the period which expired June 30, 1954 are supported by substantial evidence in the record. This Court, therefore, is powerless to intervene.

The record quite obviously reflects that this claimant is now most seriously disabled and is destined to continue so. His plight appeals to the most humane consideration. He will not become sixty-two years of age until 1969 or 1970. The implacable barrier is that a qualifying disability had to exist as of or before June 30, 1954. Diligent efforts to meet this requirement in delayed applications have regrettably failed. Consequently, the judgment of the District Court must be

Affirmed.