[Civ. No. 34172. Second Dist., Div. Four. Nov. 24, 1969.]

BARBARA MORROW, Plaintiff and Appellant, v.
VICTOR MORROW, Defendant and Respondent.

**COUNSEL**

Charles Gordon for Plaintiff and Appellant.

Zagon, Schiff, Hirsch & Levine and James P. Schreiber for Defendant and Respondent.

**OPINION**

**KINGSLEY, J.**—On April 13, 1965, plaintiff (wife) was granted an interlocutory decree of divorce from defendant (husband), which approved and incorporated the executory provisions of a property settlement agreement theretofore entered into between the parties. On September 20, 1965, a final decree was entered which confirmed and carried forward the terms of the interlocutory decree. So far as is herein pertinent, the decree granted to the wife custody of the two minor children of the parties, with visitation rights in the husband, and made the following provisions for child support and for alimony:

"2. The defendant is ordered to pay directly to the plaintiff for the support and maintenance of said minor children the sum of One Hundred

Fifty Dollars ($150.00) per month for each of the two children or a total of Three Hundred Dollars ($300.00) for the two children, payable on the 1st of each month, commencing May 1, 1965.

".  .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

"3. The defendant is ordered to pay directly to the plaintiff in fulfillment of his statutory obligations for the support of the plaintiff the sum of One Thousand Four Hundred Ninety Dollars ($1,490.00), payable on the first day of each and every month from and after February 1, 1965, and continuing until January 1, 1967, whereupon such payments shall be in the sum of One Thousand Two Hundred Dollars ($1,200.00), payable on the first day of each month from and after February 1, 1967, to a date which is One Hundred Twenty-one months (121) from April 1, 1964. Said payments shall continue until, and shall cease upon the first of the following events to occur: wife's death, wife's remarriage or One Hundred Twenty-one (121) months after April 1, 1964."

The husband made the payments as required to and including the alimony payment of $1,200, due on April 1, 1968. The wife remarried on April 5, 1968. Upon discovery of that fact, the husband demanded a return to him of $1,000, on the theory that the wife was entitled to only the pro rata share of the monthly payment covering the days she was unmarried. On the wife's rejection of that demand, the husband announced that he would withhold the installments of child support due on May 1, 1968, and thereafter, until he had recouped the $1,000 he claimed to be due him from the wife. When the May 1st child support payment was not made, the wife procured and levied a writ of execution for $300, under which the sum of $317.19 was seized by a levy of the husband's bank account.[1] The husband promptly moved for an order quashing the writ of execution. The matter was heard on the papers on file and the arguments of counsel, but without taking evidence, and the motion was granted. Plaintiff appealed from the order granting the motion to quash. Subsequent to the filing of the notice of appeal, the trial court caused to be entered a *nunc pro tunc* correction of its original minute order, to reflect the fact that counsel for plaintiff, at the time the motion to quash was heard, had made an oral motion for counsel fees and that that motion had been summarily denied.

## I

The notice of appeal, filed as we have indicated after the entry of a minute order referring only to the motion to quash and before the entry of the *nunc pro tunc* correction, reads as follows: "Please take notice that the

---

[1] No issue is here made as to the additional $17.19.

plaintiff, Barbara Morrow, appeals to the District Court of Appeals of the State of California; Second Appellate District, from the Order granting defendant's Motion to Quash Execution and Vacate Levy of Execution. Said Motion was heard and the Order appealed from was made on June 12, 1968 in Department 8 of the Los Angeles Superior Court, the Honorable William E. MacFaden, Judge Presiding. Said Order was an Order made in favor of the defendant and adverse to the interests of the plaintiff."

Counsel argues to us that he had intended to appeal from the order as actually announced and, thus, that his notice should be deemed to be from the order as now reflected in the *nunc pro tunc* minute entry. Assuming that such would be the case had he appealed from the order by date only, or from the "whole" of the order of June 12, 1965, we are here faced with a notice which, even if the original minute entry had been full and as later corrected, would have brought before us only the portion of the order designated— namely the part of the order which granted the motion to quash execution. As a result, we may not, on this appeal, review the denial in the trial court, nor afford appellant any relief as to services heretofore rendered by her counsel in that court.

However, an application for attorney fees may be made after, as well as before, the rendition of services. (Civ. Code, § 137.3.) Since this appeal was prosecuted on the clerk's transcript alone, we cannot determine whether the oral application in the trial court was for services there rendered or whether it included a request for services on this appeal. If that motion was restricted to trial court services, there is nothing to prevent counsel, on remand, from moving for an award of fees for his services here (and, of course, for any services rendered in the trial court on the remand).

## II

■ Since the order was made solely on the documents before the court, without extrinsic evidence, it is for this court to make its own independent construction of the provisions of the support decree. (*Parsons v. Bristol Dev. Co.* (1965) 62 Cal.2d 861 [44 Cal.Rptr. 767, 402 P.2d 839].) We conclude that the trial court misconstrued the decree. The decree ordered the husband to make specific payments on specific dates. Had he not made the $1,200 payment on April 1st, clearly the wife, on April 2d, could have secured a writ of execution to collect that sum. In other words, his obligation had accrued on April 1st. Her remarriage did not terminate his obligation until it occurred and the termination could become effective only when the next monthly payment fell due. To hold otherwise would be to introduce impossible confusion into the law of alimony. Once the wife receives the alimony payment, she can do what she

wishes with it. When she elects to remarry, she forfeits payments not yet payable, but she keeps the money already paid or payable.

Since the husband was not entitled to recoup any portion of the April 1st payment, it follows that he had nothing to offset against the child support payment thereafter due.[2]

The order is reversed; the case is remanded for further proceedings consistent with this opinion.

Files, P. J., and Dunn, J., concurred.

---

[2]We need not, on this appeal, determine whether a husband to whom an ex-wife is personally indebted, may offset either alimony payments or child support against that personal obligation. As to offset of alimony, consult: *Van Diest* v. *Van Diest* (1968) 266 Cal.App.2d 541, 548-549 [72 Cal.Rptr. 304]; *Murchison* v. *Murchison* (1963) 219 Cal.App.2d 600 [33 Cal.Rptr. 285]; *Keck* v. *Keck* (1933) 219 Cal. 316 [26 P.2d 300]. As to offset of child support, see the language in *Ernst* v. *Ernst* (1963) 214 Cal. App.2d 174 [29 Cal.Rptr. 478].