**Clinton BLANKENSHIP, Plaintiff,**

v.

**Robert H. FINCH, Secretary of Health, Education and Welfare, Defendant.**

Civ. A. No. 2700.

United States District Court, S. D. West Virginia, Huntington Division.

April 14, 1970.

Marshall G. West, West, Blackshear & Rundle, Pineville, W. Va., for plaintiff.

W. Warren Upton, Acting U. S. Atty., Charleston, W. Va., Leo J. Meisel, Asst. U. S. Atty., Huntington, W. Va., for defendant.

ORDER

CHRISTIE, District Judge.

By this action, plaintiff seeks judicial review of a recommended decision of a hearing examiner, issued October 22, 1969, dismissing his application filed April 8, 1969, for a period of disability and disability insurance benefits, under the provisions of Section 205(g) of the Social Security Act. 42 U.S.C.A. § 405(g). Upon appeal, the Appeals Council, after considering two additional medical reports submitted by plaintiff's attorney, affirmed the recommended decision by action taken on December 12, 1969. The Appeals Council further advised plaintiff on this latter date that the judgment of this Court of December 29, 1967, stands as the final decision in this case. The Appeals Council action stands as the final decision of the Secretary.

The predicate for the dismissal was that the instant application concerned the same facts and the same issues previously presented in an application filed

by the plaintiff on February 7, 1966. This application was denied at all administrative levels, and after the institution of a civil action for judicial review, this Court, on December 22, 1967, issued a memorandum opinion affirming the final decision of the Secretary, and by order dated December 29, 1967, dismissed the action. Therefore, the Secretary asserts that under the doctrine of *res judicata*, consideration of the instant application is barred. We note that the February 7, 1966 application was processed under the 1965 Amendments liberalizing the definition of disability.

Parenthetically, plaintiff previously had been denied benefits, under the definition of disability as it existed before the 1965 Amendments, on applications filed May 18, 1962 and November 27, 1964, from which no appeal or review was made.

These facts are set up in an affidavit by Charles M. Erisman, Acting Chairman of the Appeals Council and Acting Director of the Bureau of Hearings and Appeals, Social Security Administration, filed with and in support of the defendant's motion to dismiss. Exhibited with the affidavit are copies of the administrative decisions and medical reports referred to. No counter-affidavit having been submitted by the plaintiff, the factual matters set forth in the Erisman affidavit will, therefore, be taken as true.

The doctrine of *res judicata* as a bar to a claim for social security benefits has been frequently applied and upheld by the courts in similar situations throughout the country and it is now universally accepted as a sound principle of law. James v. Gardner, 384 F.2d 784 (4th Cir., 1967); Dillingham v. Cohen, 403 F.2d 213 (5th Cir., 1968); Sangster v. Gardner, 374 F.2d 498 (6th Cir., 1967). This Court has applied it in Farley v. Gardner, 276 F.Supp. 270 (S.D. W.Va. 1967), and Sowards v. Gardner, 264 F.Supp. 709 (S.D. W.Va. 1967), as well as numerous other unreported cases. Consequently, after a careful review of the law and facts in this case, the motion of the Secretary to dismiss is well taken.

For the reasons above appearing, it is hereby

Ordered that the plaintiff's complaint and this action be, and they are, hereby dismissed.