Arthur L. **TIETZE**

v.

Elliott L. **RICHARDSON.**

Civ. A. No. 69–H–460.

United States District Court,
S. D. Texas,
Houston Division.

March 9, 1972.

As Amended May 8, 1972.

Murray L. Lieberman, Lieberman, Tratras & Markowitz, Houston, Tex., for plaintiff.

Anthony J. P. Farris, U. S. Atty., and Wayne H. Paris, Asst. U. S. Atty., Houston, Tex., for defendant.

## MEMORANDUM AND ORDER

CARL O. BUE, Jr., District Judge.

This is an action under § 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), to review a final decision of the Secretary of Health, Education & Welfare, denying claimant's entitlement to a period of disability and application for monthly disability insurance benefits.

Although the history of this litigation may be traced only through lengthy and circuitous administrative mazes, it is necessary that such tracings be done to effect an understanding of claimant's position at present. Plaintiff's initial application was filed on May 19, 1961, and was denied initially and on reconsideration by the Social Security Administration (Tr. 123–26, 129–31, 133–35). A hearing was held (Tr. 39–90) on January 9, 1963, following which the examiner found that the plaintiff was not entitled to a period of disability or to disability insurance benefits (Tr. 172–88). That denial was affirmed by the Appeals Council on January 28, 1964 (Tr. 210–34). A second application was filed on February 3, 1964, denied in March of 1964 (Tr. 246–51), and became the final decision of the Secretary when the plaintiff did not appeal from that denial. These applications are not before this Court for review.

A third application was filed on July 24, 1967, alleging a disability beginning in January of 1966. After an evaluation of the evidence by a physician and disability examiner, the Texas Division of Disability Determination found against the plaintiff. On submission to the Bureau of Disability Insurance of the Social Security Administration, plaintiff's application was denied initially and again on reconsideration (Tr. 256–57, 259–62). After a *de novo* hearing before the hearing examiner, a finding was reached on September 17, 1968, that the plaintiff was not under a disability beginning on or before September 30, 1963, the date he last retained the necessary disability insured status (Tr. 20–27, 91–122). The Appeals Council considered plaintiff's request for review, and on March 24, 1969 (Tr. at 3), held the decision of the examiner to be correct, which decision then became the final decision of the Secretary of Health, Education and Welfare. This action was then commenced.

■ The hearing examiner declined to treat the application as one for a disability beginning in 1966, as alleged by the plaintiff. To do so would have certainly denied plaintiff any possibility for an award of benefits, since plaintiff last met the special earnings requirement for disability insurance benefits under the Act on September 30, 1963. In order to prevail, plaintiff must establish that he was unable to engage in substantial gainful activity on or before that date, Dillingham v. Cohen, 403 F.2d 213 (5th Cir. 1968).

The hearing examiner, treating the application as a petition for reopening of the initial denial of disability benefits, found that plaintiff (1) had failed to show good cause for reopening, as he had not offered any new and material evidence bearing on his condition as of September 30, 1963, and (2) had failed to file his application within four years after denial on initial determination, as required by regulation, 20 CFR § 404.957(b).

However, and regardless of these findings, the examiner *did* consider the evidence submitted by the plaintiff, analyzing such evidence by application of the standards in effect, both prior to the

amendments of 1965 and subsequent thereto. He found that after plaintiff's hospitalization early in 1961 as a consequence of an obstruction of the inferior vena cava and left renal vein due to thrombosis, and the ligation of the vena cava at that time, plaintiff's condition had improved to the extent that by the fall of 1961 he was able to engage in light and sedentary activity. It was found that previous evidence concerning plaintiff's capability to work in clerical and sales fields as of that time was amply supported.

The examiner further found that plaintiff's medical status could possibly have changed as a result of a cerebral vascular accident in July of 1967, but he also found that plaintiff was not insured for disability insurance purposes at that time.

 The scope of review by this Court is limited to the consideration of whether the findings of the Secretary as reflected in the record are supported by substantial evidence and whether proper legal standards were applied, 42 U.S.C. § 405(g); Green v. Gardner, 391 F.2d 606 (5th Cir. 1968). Substantial evidence is defined as that amount of relevant evidence that a reasonable mind might accept as adequate to support the Secretary's conclusion, Hayes v. Celebrezze, 311 F.2d 648 (5th Cir. 1963). It is not a Court's function to try the case *de novo*, Alsobrooks v. Gardner, 357 F.2d 110 (5th Cir. 1966), reh. den., 394 F.2d 985 (5th Cir. 1968); nor to weigh the evidence, Brown v. Finch, 429 F.2d 80 (5th Cir. 1970); nor to resolve factual conflicts including contrary medical opinions of doctors, Hayes v. Celebrezze, *supra;* nor to make credibility findings, Celebrezze v. Zimmerman, 339 F.2d 496 (5th Cir. 1964). The Court, however, must scrutinize the record as a whole to determine if the Secretary's findings and conclusions are reasonable, Bridges v. Gardner, 368 F.2d 86 (5th Cir. 1966).

 The Court must first consider the examiner's interpretation of the time limitation to be employed for administrative reopening under 20 CFR 404.957. Plaintiff's initial application for disability insurance benefits was denied on July 2, 1962, which denial was affirmed by decision of the Appeals Council on January 28, 1964. The instant application was filed on July 24, 1967. The hearing examiner's findings was based on his assumption that the July 2nd date was determinative for purposes of application of the four year statute of limitations, and properly so. See dicta in Pasquale v. Finch, 418 F.2d 627, 631–633 (1st Cir. 1969), questioning the lower court decision, Pasquale v. Cohen, 296 F.Supp. 1088 (D.R.I.1969), but dismissing the appeal as untimely filed. Thus, the petition for reopening was not timely filed.

However, with commendable zeal, the hearing examiner did reconsider evidence previously submitted and all new evidence submitted in connection with the 1967 application, and he did render a determination on the merits.

 This determination, that the plaintiff was not entitled to disability insurance, is amply supported by substantial evidence. Evidence submitted prior to this application discloses plaintiff to be well developed, well educated, with no outward indication of ambulatory problems and with noticeable intelligence and communicative skill. A number of doctors examined and reported on the plaintiff's physical condition: Dr. Charles A. Armbrust, Sr., Dr. Charles M. Gaitz, Dr. William K. Brown and several physicians from various Veterans Administration facilities. Plaintiff's medical history was traced reflecting a serious physical illness, thrombosis of the vena cava, which was shown to have been considerably improved by surgery and anti-coagulant therapy. A number of his complaints, including heart trouble, recurring vomiting and constant fever, all of which plaintiff alleges to be incapacitating, are simply not medically determinable nor supportable by any evidence in the record. It is significant that the physicians who examined the plaintiff found that his primary problem was functional.

Dr. Brown, a specialist in internal medicine, stated that none of plaintiff's physical complaints was disabling, although the swelling in his legs would limit his activities to those in which standing or walking for long periods of time would not be required. He found that "the patient's principal trouble is a matter of self-pity and lack of motivation to accomplish anything within the limits of his physical capacity." (Tr. at 179).

Dr. Gaitz performed a psychiatric examination upon the plaintiff, finding his complaint symptomatic of an anxiety reaction in a person who has had a serious physical illness and who has some residual impairment from this illness, rather than indicative of present physical or mental disabilities. Dr. Gaitz was unable to find "any evidence of psychiatric illness severe enough to incapacitate him to work as a beautician or to manage a beauty shop," which was his previous profession.

Dr. Armbrust, a specialist in internal medicine, reported upon examination of the plaintiff that "while this man has wide-spread organic disease it would seem that at the present time the majority of his symptoms are functional in nature," and that his condition could not be termed disabling. (Tr. at 176.)

■ However, based on reports from the Houston Veterans Administration Hospital the Veterans Administration awarded disability benefits. This, of course, is not binding upon the Secretary, since these disability programs have different concepts of disability, different eligibility requirements and are intended to accomplish different purposes.

Taking into consideration the educational and work experience background of the claimant, this Court concludes that the hearing examiner was supported by substantial evidence in finding that the claimant could engage in substantial gainful employment and that he was not disabled as that term is defined under the Act.

There are additional questions presented for consideration in this suit. Plaintiff alleges that he has been denied due process on the grounds that the standards by which entitlement to disability benefits are measured and the operating guides of the Secretary are not made available for public inspection, all in contravention of the Freedom of Information Act, 5 U.S.C. § 552. The plaintiff does not specify which standards and guides are applicable to his case, however, and does not allege that disclosure of any information would change his status or the determination of his claim.

The Freedom of Information Act provides in pertinent part that each agency shall make available to the public, by publishing in the Federal Register, statements of the general course and method by which its functions are channeled and determined. These include the nature and requirements of all formal and informal procedures; rules of procedure; substantive rules of general applicability adopted as authorized by law; and statements of general policy or interpretation of general applicability formulated and adopted by the Agency, 5 U.S.C. § 552(a) (1) (B), (C) and (D). It is further provided that each agency make available for public inspection and copying those statements of policy and interpretations which have been adopted by the agency and are not published in the Federal Register as well as administrative staff manuals and instructions to staff that affect a member of the public.

In compliance with these provisions, the Social Security Act and the regulations promulgated thereunder which set forth the substantive and procedural rules of the Administration are published. The explanations of these regulations and directions for their implementation are set forth in the Social Security Claims Manual which is also available to the public at district and branch offices of the Administration throughout the United States. *See* 20 CFR § 422.412 and 20 CFR § 422.430. The Act provides further, however, that matters

related solely to the internal personnel rules and practices of an agency are not to be governed by the Act. This exemption includes such matters as guidelines or instructions to employees relating to "tolerances", or assumptions pursuant to which the Administration adjudicates claims, rules concerning the processing of various types of cases, and quantums of proof, 45 CFR § 5.72.

■ Plaintiff attacks the practices of the Administration, as related to this Act, in two respects. First, it is urged that, since the material contained in the Administration's Claims Manual was not made public until legislation in 1967 required that it be made available, the claims filed by plaintiff and decided by the Secretary prior to 1967 were not drawn with the benefit of the "rules governing qualifications for benefits" allegedly contained in the Manual. This, plaintiff argues, deprived him of his due process rights. In other words, it is argued that plaintiff should have the benefit of the recently liberalized publication requirements applied retroactively. This Court finds no denial of procedural due process in not applying such a provision retrospectively. In fact, plaintiff's third claim, filed in 1967 and decided in 1968, was treated as a reopening of his original claim, and at that time all material in the Claims Manual *was* available to the plaintiff.

■ Secondly, plaintiff attacks the continued withholding of "additional portions of the Claims Manual". This material, referred to by counsel for the government as "supplementary claims guidelines", is precisely that material exempted from publication by 5 U.S.C. § 552(b) (2), as noted, *supra. See* affidavit of Bernard Popick, Director of the Bureau of Disability Insurance. Furthermore, Mr. Popick states that he has:

> examined the files maintained by the Social Security Administration pertaining to Arthur J. Tietze . . . and [has] ascertained that none of the

tolerance and other rules referred to . . . were applied in the adjudication of his claim. . . . They were not applied because they were not relevant to the administration of his claim.

On these facts, this Court finds no denial of procedural due process. If plaintiff's claim here is meant to encompass an allegation of denial of substantive due process, or deprivation of property, we must find that claim also to be insufficient on the record before us. Flemming v. Nestor, 363 U.S. 603, 608, 80 S. Ct. 1367, 4 L.Ed.2d 1435 (1960); King v. Finch, 428 F.2d 709, 714 (5th Cir. 1970); *cf.* Dandridge v. Williams, 397 U.S. 471, 90 S.Ct. 1153, 25 L.Ed.2d 491 (1970).

■ Plaintiff's third attack relates to one of the standards for disability: that an applicant must be unable to engage in "substantial gainful activity". Plaintiff alleges that the term is vague, ambiguous, and that no definition has been furnished for that term. Contrary to plaintiff's allegations, the term as applied by the Administration is precisely defined, 42 U.S.C. § 423(d) (2); King v. Finch, 428 F.2d 709, 711 (5th Cir. 1970).

■ Finally, plaintiff alleges that the hearing procedure is violative of the Fifth Amendment, in that the hearing examiner does not serve in an impartial manner since he acts in multiple capacities as investigator, prosecutor and judge. This issue was considered and rejected by the United States Supreme Court in Richardson v. Perales, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). *See also* the opinion of this Court in Pate v. Richardson, 330 F. Supp. 39 (S.D.Tex.1971).

Accordingly, a judgment will be entered denying plaintiff's motion for summary judgment and granting defendant's motion for summary judgment. Clerk will notify counsel.