**David T. HARDY, Plaintiff–Appellee,**

v.

**BUREAU OF ALCOHOL, TOBACCO AND FIREARMS, an Agency of the United States Government, Defendant–Appellant.**

**No. 79–3202.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 8, 1980.

Decided Nov. 3, 1980.

Michael Kimmel, Washington, D.C., argued for defendant–appellant; Michael D. Hawkins, U.S. Atty., Phoenix, Ariz., Alice Mattice, Atty., Washington, D.C., on brief.

David T. Hardy, Sharpe, Sando, Alfred & Hardy, Tucson, Ariz., for plaintiff–appellee.

Before CHOY, GOODWIN and FARRIS, Circuit Judges.

FARRIS, Circuit Judge:

The Bureau of Alcohol, Tobacco and Firearms appeals the district court's order requiring it to disclose, pursuant to the Freedom of Information Act, 5 U.S.C. §§ 552 *et seq.* certain portions of its manual entitled "Raids and Searches

Training–Criminal Enforcement)." We reverse and remand.

This suit was brought under the Freedom of Information Act by an attorney, David T. Hardy, who sought disclosure of the manual, "Raids and Searches," allegedly for research purposes. On Hardy's initial request the Bureau had disclosed parts of the manual, but had withheld portions concerning techniques used in making law enforcement raids and in conducting searches. The Bureau submitted a detailed affidavit to the district court outlining the subject of each withheld portion; the affidavit explained how disclosure would enable violators to evade or hinder law enforcement personnel. The Bureau claimed that these portions were exempt under 5 U.S.C. § 552(b)(2). The district court disagreed but used its equitable powers to protect certain of the withheld portions from disclosure on the theory that disclosure would "significantly impede the enforcement process." The court ordered the Bureau to disclose the rest of the withheld portions.

### I.

Because we hold that the contested portions of the manual are exempt under 5 U.S.C. § 552(b)(2), we need not decide whether a court can properly use its equitable powers to prevent disclosure of government records not specifically exempted by the Freedom of Information Act.[1]

### II.

We base our holding on 5 U.S.C. § 552(b)(2). Under this provision, referred to as "Exemption 2," an agency may refuse to disclose materials "related solely to the internal personnel rules and practices of an agency." From its wording, this exemption would appear to apply to the contested portions of the manual here, were it not for the differing interpretations given by the reports of the two Houses of Congress. *See Caplan v. Bureau of Alcohol, Tobacco & Firearms*, 587 F.2d 544, 546 (2d Cir. 1978).

*But see* 1 K. Davis, Administrative Law Treatise § 5.30 (2d ed.Supp.1980). The Senate report states:

Exemption No. 2 relates only to the internal personnel rules and practices of an agency. Examples of these may be rules as to personnel's use of parking facilities or regulation of lunch hours, statements of policy as to sick leave, and the like.

S.Rep.No.813, 89th Cong., 1st Sess. 8 (1965). The House report states:

2. Matters related solely to the internal personnel rules and practices of any agency: Operating rules, guidelines, and manuals of procedure for Government investigators or examiners would be exempt from disclosure, but this exemption would not cover all "matters of internal management" such as employee relations and working conditions and routine administrative procedures which are withheld under present law.

H.R.Rep.No.1497, 89th Cong., 2d Sess. 10, *reprinted in* [1966] U.S. Code Cong. & Ad. News 2418, 2427. The Senate report could be read to limit the exemption to trivial matters while the House report indicates that the exemption would cover the materials contested here.

Supreme Court guidance on interpreting this exemption is found in *Department of Air Force v. Rose*, 425 U.S. 352, 96 S.Ct. 1592, 48 L.Ed.2d 11 (1976). There a student researcher sought disclosure of case summaries of the Air Force Academy's honor and ethics hearings. The Air Force had argued that the summaries were exempt under 5 U.S.C. § 552(b)(2). The Court found that the "primary focus of the House Report was on exemption of disclosures that might enable the regulated to circumvent agency regulation ...." 425 U.S. at 366–67, 96 S.Ct. at 1601–02. The Court specifically declined to consider whether the exemption would apply where a risk of circumvention existed, and indicated that the Senate report should be followed only when this was not a concern. The Court concluded:

---

**1.** Although language in some of our opinions suggests approval of the use of equitable powers in Freedom of Information Act cases, *e.g.*

*Theriault v. United States*, 503 F.2d 390, 392 (9th Cir. 1974) (dictum), we reserve ruling on the issue until it is before us.

In sum, we think that, at least where the situation is not one where disclosure may risk circumvention of agency regulation, Exemption 2 is not applicable to matters subject to such a genuine and significant public interest.

*Id.* at 369, 96 S.Ct. at 1603. Assuming that disclosure of the contested portions of the "Raids and Searches" manual would "risk circumvention of agency regulation," we are squarely presented with the issue that the Supreme Court declined to consider in *Rose.*

 While no circuit has considered the specific issue which squarely confronts us, five other circuits have considered whether materials similar to those contested here would be subject to disclosure. They have all indicated that such materials would not be subject to disclosure. *See Caplan v. Bureau of Alcohol, Tobacco & Firearms,* 587 F.2d 544, 547 (2d Cir. 1978) (discussion of the issue; same holding); *Stokes v. Brennan,* 476 F.2d 699, 702 (5th Cir. 1973); *Hawkes v. Internal Revenue Service,* 467 F.2d 787, 795 (6th Cir. 1972); *Cox v. United States Dept. of Justice,* 601 F.2d 1, 4 (D.C.Cir.1979); *Sladek v. Bensinger,* 605 F.2d 899, 901 (5th Cir. 1979) (indicating that the question is as yet undecided in the Fifth Circuit). *See also* 1 K. Davis, Administrative Law Treatise § 5.30, at 36 (2d ed.Supp.1980). Although these circuits agree that law enforcement materials like those contested here need not be disclosed, they use three different interpretations of the act to reach this result. After considering the three alternative interpretations, we adopt that of the Second Circuit, which has held that law enforcement materials, the disclosure of which may risk circumvention of agency regulation, are exempt under Exemption 2, 5 U.S.C. § 552(b)(2). *Caplan v. Bureau of Alcohol, Tobacco & Firearms,* 587 F.2d 544, 547 (2d Cir. 1978.)[2] The Supreme Court opinion in *Rose* not only does not preclude but furnishes support for this interpretation. As the House report indicates, the language of Exemption 2 is susceptible of this interpretation. Materials instructing law enforcement agents on how to investigate violations concern internal personnel practices. Further, this interpretation is in keeping with the structure of the statute, requiring everything to be disclosed except that which falls within the specific exemptions of subsection (b). *See* 5 U.S.C. § 552(c); *NLRB v. Sears, Roebuck & Co.,* 421 U.S. 132, 136, 95 S.Ct. 1504, 1509, 44 L.Ed.2d 29 (1975).

Our interpretation is buttressed by the 1967 amendment to § 552(b)(7). That amendment exempts investigatory records to the extent that production would "disclose investigatory techniques and procedures." This exemption would be pointless unless the manuals instructing agents in those techniques and procedures were also exempt from disclosure.

In adopting the Second Circuit's interpretation of the act, we necessarily reject those of the District of Columbia and Eighth Circuits. While the District of Columbia Circuit has held that similar materials are exempt under Exemption 2, it based its decision not on the risk of circumvention of agency regulation but on the ground that they are materials "in which the public could not reasonably be expected to have a legitimate interest." *Cox v. United States Dept. of Justice,* 601 F.2d 1, 4 (D.C.Cir. 1979). This "legitimate interest" test is based on an interpretation of the Senate report's discussion of Exemption 2. *See Jordan v. United States Dept. of Justice,* 591 F.2d 753, 771 (D.C.Cir.1978) (*en banc*). Although this approach may reach the same result as the one we adopt, it places courts in the difficult position of determining when the interest of the public in governmental matters is "legitimate."

The Eighth Circuit has held, and the Fifth and Sixth Circuits have indicated, that law enforcement materials need not be disclosed because they are not included in 5 U.S.C. § 552(a)(2)(C). *Cox v. Levi,* 592 F.2d

---

**2.** *But see Jordan v. Department of Justice,* 591 F.2d 753, 771 (D.C.Cir.1978) (considering the issue and reaching an opposite result).

460, 463 (8th Cir. 1979); *Cox v. United States Dept. of Justice*, 576 F.2d 1302, 1307–09 (8th Cir. 1978); *Stokes v. Brennan*, 476 F.2d 699, 701–02 (5th Cir. 1973); *Hawkes v. Internal Revenue Service*, 467 F.2d 787, 794–95 (6th Cir. 1972).[3] *See* 1 K. Davis, Administrative Law Treatise § 5.4 (2d ed.Supp.1980) (endorsing this approach). The Eighth Circuit reasoned that the specific legislative intent, limiting disclosure of staff manuals under subsection (a)(2)(C) to administrative staff manuals, controls over the general intent behind subsection (a)(3) and thereby creates an implied exemption. *Cox v. United States Dept. of Justice*, 576 F.2d at 1306–07. The difficulty with this approach is that it contradicts the language both of 5 U.S.C. § 552(a)(3), which makes available upon request any agency records not available under subsections (a)(1) and (a)(2), and of 5 U.S.C. § 552(c), which precludes withholding of information from the public except as specifically authorized by the section.

### III.

We hold that law enforcement materials, disclosure of which may risk circumvention of agency regulation, are exempt from disclosure. In so ruling we recognize the distinction between "law enforcement" and "administrative" materials. *See, e.g., Hawkes v. Internal Revenue Service*, 467 F.2d 787, 794–95 (6th Cir. 1972). "Law enforcement" materials involve methods of enforcing the laws, however interpreted, and "administrative" materials involve the definition of the violation and the procedures required to prosecute the offense. All administrative materials, even if included in staff manuals that otherwise concern law enforcement, must be disclosed unless they come under one of the other exemptions of the act. Such materials contain the "secret law" which was the primary target of the act's broad disclosure provisions. *Cox v. United States Dept. of Justice*, 601 F.2d 1, 5 (D.C.Cir.1979). Further, as the Supreme Court observed in *Department of the Air Force v. Rose*, 425 U.S. 352, 369, 96 S.Ct. 1592, 1603, 48 L.Ed.2d 11 (1976), the thrust of Exemption 2 is not to limit disclosure to "secret law" but to relieve agencies of the burden of disclosing information in which the public does not have a legitimate interest. Materials that solely concern law enforcement are exempt under Exemption 2 if disclosure may risk circumvention of agency regulation.

### IV.

■ When an agency believes that materials sought in a Freedom of Information Act suit are within the exempt category of law enforcement materials herein described, it should submit to the district court a detailed affidavit describing how disclosure would risk circumvention of agency regulation. *See Cuneo v. Schlesinger*, 484 F.2d 1086, 1092 (D.C.Cir.1973), *cert. denied*, 415 U.S. 977, 94 S.Ct. 1564, 39 L.Ed.2d 873 (1974). If the explanation is reasonable, the district court should find the materials exempt from disclosure, unless *in camera* examination shows that they contain secret law or that the agency has not fairly described the contents in its affidavit. *See Cox v. United States Dept. of Justice*, 576 F.2d 1302, 1311–12 (8th Cir. 1978). In such a case, those portions not covered by the affidavit or containing secret law may be ordered disclosed. Whether the agency's

---

**3.** These circuits have defined the category of law enforcement materials that need not be disclosed as those disclosure of which would significantly impede the enforcement process. The Sixth Circuit has stated that enforcement is significantly impeded "only when information is made available which allows persons simultaneously to violate the law and to avoid detection." *Hawkes v. Internal Revenue Service*, 467 F.2d at 795 (emphasis omitted). The Fifth Circuit adopted this standard and added that materials should be protected where disclosure "would tend to defeat the purpose of inducing maximum voluntary compliance· by revealing classes or types of violations which must be left undetected or unremedied because of limited resources." *Stokes v. Brennan*, 476 F.2d at 702. The Eighth Circuit quoted both cases. *Cox v. United States Dept. of Justice*, 576 F.2d at 1307–08. We adopt the language of the Supreme Court in *Rose*, which we believe more succinctly defines the materials about which Congress was ·concerned.

explanation is reasonable is a question of law and rulings by other courts concerning the same materials should be given weight.

We remand to the district court for a review of the affidavit of the Bureau and the contested portions of the manual to determine whether they involve law enforcement material, the disclosure of which would risk circumvention of agency regulation. If so, the material is exempt from disclosure.

Reversed and remanded.