[Civ. No. 21103. Third Dist. Aug. 5, 1982.]

ESKATON MONTEREY HOSPITAL et al., Plaintiffs and Appellants, v.
BEVERLEE MYERS, as Director, etc., Defendant and Appellant.

**COUNSEL**

Memel, Jacobs, Pierno & Gersh, Michael A. Manley, Martin J. Thompson, Cary M. Adams, Jonathan D. Reichman, Farrand, Malti, Spillane, Cooper & Carpenter, Daniel B. Higgins, Gordon D. Simonds and Suzi Tanguay for Plaintiffs and Appellants.

George Deukmejian, Attorney General, Thomas E. Warriner, Assistant Attorney General, and Richard M. Ross, Deputy Attorney General, for Defendant and Appellant.

**OPINION**

**PUGLIA, P. J.**—Plaintiffs appeal from that part of a judgment which denies their petition to compel disclosure of a Medi-Cal audit manual for health care providers. Defendants cross-appeal from that part of the judgment requiring them to disclose the professional qualifications of a Medi-Cal physician auditor.[1]

Plaintiffs are three hospitals offering Medi-Cal program services as health care providers. They have been audited by the Department of Health Services of which defendant is the director. (Hereafter the department and its director will be referred to collectively as defendant.)

---

[1]Plaintiffs' notice of appeal expressly specifies the portion of the judgment from which the appeal is taken. Since that is the only portion of the judgment properly before us for review on plaintiffs' appeal (*Glassco* v. *El Sereno County Club, Inc.* (1932) 217 Cal. 90, 92 [17 P.2d 703]; *Morrow* v. *Morrow* (1969) 2 Cal.App.3d 55, 58 [82 Cal.Rptr. 327]), we will not consider plaintiffs' arguments as to other portions of the judgment from which no appeal has been taken.

Two of the plaintiff hospitals, Eskaton Monterey and Intercommunity, are in the process of administrative appeals from overpayment determinations made by defendant's medical auditors. Relying on the California Public Records Act (Act) (Gov. Code, § 6250 et seq.), the three hospitals filed this mandate proceeding to compel disclosure of defendant's audit manual. Since defendant has provided plaintiffs the medical standards portion of the audit manual, only the fiscal portions are at issue in these proceedings. The fiscal audit manual was submitted to the trial court for *in camera* examination; the parties took the position that the portions of the manual at issue should either be totally disclosed or totally exempted.

Without prejudice to plaintiffs' discovery rights in the administrative appeals (see Cal. Admin. Code, tit. 22, §§ 51032-51035), the trial court denied plaintiffs' request for disclosure of the fiscal audit manual. It granted plaintiffs' request for disclosure of the physician-auditor's professional qualifications, directing defendant to disclose such portions of the physician's personnel file as are necessary to disclose his professional qualifications or to create and provide a resume of the qualifications. These appeals followed.

### Plaintiffs' Appeal

The introductory provision of the California Public Records Act, Government Code section 6250, declares the policy to be served by the Act: "... the Legislature ... finds and declares that access to information concerning the conduct of the people's business is a fundamental and necessary right of every person in this state." The Act, like the federal Freedom of Information Act (FOIA; 5 U.S.C. § 552) upon which it is patterned (see *Black Panther Party* v. *Kehoe* (1974) 42 Cal.App.3d 645, 654 [117 Cal.Rptr. 106]), favors disclosure of public records; support for refusal to disclose information "must be found, if at all, among the specific exceptions to the general policy that are enumerated in the Act." (*State of California* ex rel. *Division of Industrial Safety* v. *Superior Court* (1974) 43 Cal.App.3d 778, 783 [117 Cal.Rptr. 726].)

The trial court found the disputed materials exempt from disclosure under Government Code sections 6255, 6254, subdivision (f), and 6254, subdivision (b). (All further references to the California statutes are to sections of the Government Code.) ■ Because we agree that section 6255 applies, we shall affirm the judgment.

Section 6255 provides: "The agency shall justify withholding any record by demonstrating that the record in question is exempt under express provisions of this chapter or that on the facts of the particular case the public interest served by not making the record public clearly outweighs the public interest served by disclosure of the record."

Because of the dearth of California authority on disclosure of audit materials, both parties rely on federal cases applying the FOIA. The FOIA exempts from disclosure matters that are "investigatory records compiled for law enforcement purposes, but only to the extent that the production of such records would (A) interfere with enforcement proceedings, (B) deprive a person of a right to a fair trial or an impartial adjudication, (C) constitute an unwarranted invasion of personal privacy, (D) disclose the identity of a confidential source and, in the case of a record compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, confidential information furnished only by the confidential source, (E) disclose investigative techniques and procedures, or (F) endanger the life or physical safety of law enforcement personnel; ..." (5 U.S.C. § 552(b)(7).)

Generally, federal cases concerning disclosure of audit or fiscal materials exempt from disclosure under the "law enforcement" exception of the FOIA materials containing instructions to government agents to aid them in determining compliance with federal laws when the effect of disclosure would be to enable law violators to escape detection. (*Hawkes* v. *Internal Revenue Service* (6th Cir. 1972) 467 F.2d 787; *Cuneo* v. *Schlesinger* (D.C.Cir. 1973) 484 F.2d 1086, cert. den. *sub nom.*, *Rosen* v. *Vaughn* (1974) 415 U.S. 977 [39 L.Ed.2d 873, 94 S.Ct. 1564]; *Tietze* v. *Richardson* (S.D.Tex. 1972) 342 F.Supp. 610; *Chamberlain* v. *Kurtz* (5th Cir. 1979) 589 F.2d 827, cert. den. (1979) 444 U.S. 842 [62 L.Ed.2d 54, 100 S.Ct. 82]; *Long* v. *United States Internal Revenue Service* (W.D.Wash. 1972) 349 F.Supp. 871).

In *Hardy* v. *Bureau of Alcohol, Tobacco & Firearms* (9th Cir. 1980) 631 F.2d 653, the Ninth Circuit Court of Appeals, invoking the exception for matters related solely to the internal personnel rules and practices of an agency (5 U.S.C § 552(b)(2)), exempted from disclosure portions of defendant Bureau's manual ("Raids and Searches Training—Criminal Enforcement") containing law enforcement material because disclosure of such material would risk circumvention of agency regulations. The court stated: "We hold that law enforcement

materials, disclosure of which may risk circumvention of agency regulation, are exempt from disclosure. In so ruling we recognize the distinction between 'law enforcement' and 'administrative' materials. *See, e.g., Hawkes* v. *Internal Revenue Service*, 467 F.2d 787, 794-95 (6th Cir. 1972). 'Law enforcement' materials involve methods of enforcing the laws, however interpreted, and 'administrative' materials involve the definition of the violation and the procedures required to prosecute the offense. All administrative materials, even if included in staff manuals that otherwise concern law enforcement, must be disclosed unless they come under one of the other exemptions of the [Freedom of Information] act. Such materials contain the 'secret law' which was the primary target of the act's broad disclosure provisions. *Cox* v. *United States Dept. of Justice*, 601 F.2d 1, 5 (D.C.Cir. 1979). Further, as the Supreme Court observed in *Department of the Air Force* v. *Rose*, 425 U.S. 352, 369, 96 S.Ct. 1592, 1603, 48 L.Ed.2d 11 (1976), the thrust of Exemption 2 [5 U.S.C. § 552, subd. (b)(2)] is not to limit disclosure to 'secret law' but to relieve agencies of the burden of disclosing information in which the public does not have a legitimate interest. Materials that solely concern law enforcement are exempt under Exemption 2 if disclosure may risk circumvention of agency regulation." (631 F.2d at p. 657.)

It is an unassailable proposition that disclosure of law enforcement materials which when revealed assist in thwarting and circumventing the law is not in the public interest. The Act expressly authorizes withholding of records the disclosure of which is not in the public interest (§ 6255). That exemption, broader than any contained in the FOIA, clearly applies to records of the category which were accorded protection in *Hardy*.

Defendant argues that the undisclosed fiscal audit manual contains the Department of Health Services' "game plan" or strategy for audits by which particular expenditures are selected for scrutiny because they tend to reveal spending patterns relevant to ascertaining compliance with Medi-Cal regulations. That characterization was accepted by the trial court which had the manual before it. Accordingly, we have no difficulty in characterizing defendant's fiscal audit manual as constituting law enforcement materials within the *Hardy* definition. (See also *Ginsburg, Feldman & Bress* v. *Federal Energy, Etc.* (D.C.Cir. 1978) 591 F.2d 717, 720, affd. on rehg. by equally divided ct. (1978) 591 F.2d 752, cert. den. (1979) 441 U.S. 906 [60 L.Ed.2d 374, 99 S.Ct. 1994].) Defendant also argues that disclosure would allow Medi-Cal providers

to circumvent governing regulations by manipulating expenditure itemizations. Again, the trial court, with the materials before it, accepted defendant's argument. The *Hardy* rationale would thus preclude disclosure.

The trial court correctly concluded that the public interest served by not making the record public clearly outweighs the public interest in disclosure. (§ 6255.) We perceive no public interest in a disclosure which would enable Medi-Cal providers who violated governing statutes and regulations to escape detection.

### Defendant's Appeal

█ The trial court ordered defendant to disclose: "Such portions of [the physician-auditor's] personnel file as are necessary to disclose his professional qualifications ... or at [defendant's] option, she may, by way of compliance with this injunction, create and provide to [plaintiffs] a resume of [the auditor's] professional qualifications."

Defendant claims the order results in disclosure of the auditor's personnel file and is an unwarranted invasion of his privacy. We disagree. As we understand the order, plaintiffs would obtain information as to the education, training, experience, awards, previous positions and publications of the auditor. Such information is routinely presented in both professional and social settings, is relatively innocuous and implicates no applicable privacy or public policy exemption. (§§ 6254, subd. (c), 6255.)

The judgment is affirmed. The parties are to bear their own costs on appeal.

Sparks, J., and Abbe, J.,* concurred.

A petition for a rehearing was denied September 1, 1982, and the opinion was modified to read as printed above. The petition of appellant Eskaton Monterey Hospital for a hearing by the Supreme Court was denied October 21, 1982. Newman, J., and Reynoso, J., were of the opinion that the petition should be granted.

---

*Assigned by the Chairperson of the Judicial Council.