Kenny **WILDER**, **Plaintiff**,

v.

**COMMISSIONER OF INTERNAL REVENUE, Defendant.**

Civ. A. No. 83–H–709–N.

United States District Court,
M.D. Alabama, N.D.

April 6, 1984.

Kenny Wilder, pro se.

John C. Bell, U.S. Atty., Kenneth E. Vines, Asst. U.S. Atty., Montgomery, Ala., Edward J. Snyder, J. Brian Ferrel and Jefferson K. Fox, Attys., Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendant.

## MEMORANDUM OPINION

HOBBS, District Judge.

Plaintiff, proceeding pro se, filed this action under the Freedom of Information Act seeking disclosure of the Agreement on Coordination of Tax Administration between the Alabama Department of Revenue and the Internal Revenue Service, and of the Implementing Agreement thereof. Defendant has furnished to plaintiff all of these documents with the exception of a few deletions. Defendant now has moved for summary judgment, claiming that the matters deleted are exempt from disclosure. Plaintiff has filed no response to defendant's motion. For the reasons stated below, the Court agrees with defendant.

Plaintiff originally wrote to defendant on April 13, 1983, requesting disclosure of the Tax Treaty between Alabama and the Internal Revenue Service, a request which defendant has since determined to cover the Agreement on Coordination and the Implementing Agreement. Plaintiff received no response. Plaintiff then sent a letter of appeal on May 24, 1983, and again received no response. *See* 5 U.S.C. § 522(a)(6)(A). Plaintiff filed this action on July 8, 1983. On August 3, defendant sent to plaintiff the Agreement on Coordination and parts of the Implementing Agreement. Defendant omitted the portions of the latter agreement that explain when information will be transmitted by one of the parties to the other. In other words, those portions explain when the I.R.S. and the Alabama Department of Revenue "will not exchange information relevant to potential violations of the applicable tax laws."

Defendant contends that this information is exempt from disclosure under § 552(b)(2). That subsection excludes matters "related solely to the internal personnel rules and practices of an agency." Defendant asserts that this extends to disclosures that might facilitate the circumvention of agency regulations. Several cases support defendant's interpretation.

In *Crooker v. Bureau of Alcohol, Tobacco & Firearms*, 670 F.2d 1051 (D.C.Cir. 1981), the court exempted portions of the bureau's manual that referred to investigative techniques. The court reasoned that the matters at issue were "not written to regulate the public," and thus were internal. *Id.* at 1073. Furthermore, the court found "that public disclosure would risk circumvention of agency regulations." *Id.* The court rejected the limitation of Exemption 2 to "rules and practices that concern relations among the employees of an agency." *Id.* (quoting *Jordan v. Department of Justice*, 591 F.2d 753, 763 (D.C.Cir. 1978)). *Crooker* was a retreat from *Jordan v. Department of Justice*, 591 F.2d 753, 771 (D.C.Cir.1978), in which the same court concluded that Exemption 2 only covered items in which the public has no interest.

In *Caplan v. Bureau of Alcohol, Tobacco & Firearms*, 587 F.2d 544 (2d Cir.1978),

the court refused to order disclosure of material describing the bureau's procedures for apprehending suspects. The court agreed with plaintiff that "secret law is an abomination," but found that the material at issue did "not purport to set forth the bureau's interpretation of substantive or procedural law." *Id.* at 548. Furthermore, disclosure might have risked circumvention of agency regulation. *Id.; accord, Hardy v. Bureau of Alcohol, Tobacco & Firearms,* 631 F.2d 653 (9th Cir.1980) (same material as in *Caplan* ).

Defendant's position also finds support from dicta of the Fifth Circuit. In *Stokes v. Brennan,* 476 F.2d 699 (5th Cir.1973), the court stated, "Secrecy can be justified ... only to the extent that it protects policies governing enforcement methods which, if disclosed, would tend to defeat the purpose of inducing maximum voluntary compliance by revealing classes or types of violations which must be left undetected or unremedied because of limited resources." *Id.* at 702. *See Sladek v. Bensinger,* 605 F.2d 899, 902 (5th Cir.1979) (noting that *Department of the Air Force v. Rose,* 425 U.S. 352, 96 S.Ct. 1592, 48 L.Ed.2d 11 (1976), left this issue open).

The Court concludes that the materials at issue here fall within Exemption 2. The materials are not defendant's interpretation of substantive law applicable to the public, but rather are internal procedures simply governing the exchange of information. This is analogous to the circumstances in *Crooker, Caplan,* and *Hardy,* where the material prescribed procedures for enforcing the law. Furthermore, disclosure of this material would risk circumvention of agency regulation. It fits precisely into the *Stokes* dictum, because it governs when violators will not be pursued. Thus, defendant is entitled to summary judgment.

Plaintiff in his complaint has requested that the Court enter a finding that the circumstances "raise questions whether agency personnel acted arbitrarily or capriciously with respect to the withholding." § 552(a)(4)(F). Although defendant de-layed in making disclosure, defendant did disclose all non-exempt material without a court order, and so the Court cannot enter such a finding. *Id.*

Plaintiff also has asked for awards of costs and attorney's fees. Such an award is authorized where a plaintiff "has substantially prevailed," § 552(a)(4)(E), as plaintiff here did. Although plaintiff is entitled to his costs, he is not entitled to attorney's fees, as he proceeded pro se. *Clarkson v. I.R.S.,* 678 F.2d 1368, 1371 (11th Cir.1982).

A separate judgment will be entered in accordance with this memorandum opinion.

## JUDGMENT

In accordance with the attached memorandum opinion, it is hereby

ORDERED that defendant's motion for summary judgment is granted.

It is further ORDERED, ADJUDGED, and DECREED that plaintiff's complaint be and the same is hereby dismissed, that plaintiff have and receive nothing on his claim for attorney's fees, and that costs be taxed against defendant.