John J. WREN, Appellant,

v.

Margaret HECKLER, et al., Appellees.

No. 83–1498.

United States Court of Appeals, Tenth Circuit.

Sept. 27, 1984.

John J. Wren, pro se.

William L. Lutz, U.S. Atty., Ronald F. Ross, Asst. U.S. Atty., Albuquerque, N.M., and Shana F. Weiss, Dept. of Health and Human Services, Washington, D.C., for appellees.

Before BARRETT, DOYLE and McKAY, Circuit Judges.

BARRETT, Circuit Judge.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed.R. App.P. 34(a); Tenth Circuit R. 10(e). The cause is therefore ordered submitted without oral argument.

This is the second appeal in this case. In *Wren v. Harris*, 675 F.2d 1144 (10th Cir. 1982), we reversed and remanded following the district court's grant of the appellees' motion to dismiss. We directed further hearings regarding the applicability of the Privacy Act.

John J. Wren (Wren), an Administrative Law Judge (ALJ) for the Bureau of Hearings and Appeal of the Social Security Administration, brought this suit *pro se* alleging that the Secretary of the Department of Health, Education and Welfare[1] (now the Department of Health and Human Services) and the Commissioner of the Social Security Administration (hereinafter referred to as the appellees) had unlawfully withheld certain documents he had requested under the Freedom of Information Act (FOIA), 5 U.S.C. § 552 and the Privacy Act, 5 U.S.C. § 552a. After a hearing *in camera*, the district court granted the appellees' motion for summary judgment, finding that portions of the six documents at issue were properly wit.1held from Wren under exemption provisions 5 and 6 of the FOIA. The court did not, however, make any specific findings regarding the applicability of the Privacy Act to these documents. In that posture, this court reversed and remanded with the following instructions:

> We therefore remand this case for further hearings regarding the applicability of the Privacy Act.
>
> On remand, should the district court find that the documents requested by Mr. Wren consist of "his record" or "any information pertaining to him," and that they are "records" contained in a "system of records," § 552(a)(4), (5), (d)(1), then the court must grant him access to those documents as provided in § 552a(d)(1), unless the court finds that they are exempt from disclosure under § 552a(d)(5) or § 552a(k). Furthermore, if the court finds the records to be accessible to Mr. Wren under the PA, the exemptions from disclosure contained in the FOIA would be inapplicable.

675 F.2d at 1147 (footnote omitted).

On February 11, 1983, following another *in camera* review, the district court found that the subject records, some of which did not pertain to ALJ Wren, were not retrievable to him by personal identification and were not part of the "system of records" as defined in the Privacy Act. Thus, the court ruled that the records were not subject to access under 5 U.S.C. § 552a(a)(4) and § 552a(d)(1) or the Privacy Act Regulations, 45 C.F.R. § 5b 1(n) (1982). The court

---

**1.** Upon motion by the Department of Health and Human Services, Margaret M. Heckler has been substituted as party defendant in lieu of former Secretary Richard S. Schweiker, who succeeded Secretary Patricia M. Harris.

therefore granted the appellees' motion for summary judgment.

The triggering facts behind the initial filing of this lawsuit should be observed in order to appreciate the Privacy Act request made by ALJ Wren. Commencing November, 1971, Mr. Wren served as an ALJ and Administrative Law Judge In Charge. (R., Vol. I at 4.) He resigned on November 14, 1977, as ALJ In Charge of the Albuquerque, New Mexico, Bureau of Hearings and Appeals Office, but he remained as one of the ALJ's in the Albuquerque hearing office. Following Wren's resignation, he was furnished certain documents which, with deletions, show that an investigation undertaken by one Andy Hickman, Regional Management Officer, disclosed "serious problems" in the Albuquerque office, resulting in an "unstable state," particularly involving ALJ Wren's charges against "several ALJ's and staff members in Albuquerque ... [in which he alleged] fraud on their travel vouchers." (*Id.* at 12–29.) In a letter drafted May 25, 1978, to Don I. Wortman, Acting Commissioner of the Social Security Administration, Wren stated, "[T]here have been charges of erratic behavior and instability made against me without a confrontation as to specific charges. There has been a DHEW investigation pending in this office since March of 1977." Wren went on to request access to the records upon which these charges were based, stating that he was "[a] victim of some kind of conspiracy." *Id.* at 7. In a response dated July 13, 1978, the Acting Commissioner of Social Security wrote in part:

I have considered your letter of May 25, 1978, concerning records about your performance as an appeal under the Freedom of Information Act. As the records which have been withheld are not filed in a system of records retrieved by name or personal identifier, they are not subject to the Privacy Act of 1974.

The records which are withheld contain information about your office, as well as other offices, and about individuals in your office and other offices, in addition to information about your performance.

After carefully reviewing those records, I have determined that some additional portions may be disclosed to you. Copies of the memorandums including the additional segregable portions and a notation of the exemption claimed for all withheld portions are enclosed.

I have determined that disclosure of the personal information about other individuals which is contained in these documents would constitute a clearly unwarranted invasion of those individuals' personal privacy .... [T]he information is exempt from the requirements of the Freedom of Information Act in 5 U.S.C. § 552(b)(6).

These memorandums also contain statements which represent the views or judgment of the writer or other individuals .... [T]hese statements are exempt from the requirements of the Freedom of Information Act in 5 U.S.C. § 552(b)(5).

This constitutes the final decision of the Department .... If you disagree ... you may seek a further review in a district court of the United States.

(*Id.* at 119–20.)

On appeal from the district court's order granting the appellees' motion for summary judgment, ALJ Wren contends that there exist genuine issues of material fact precluding summary judgment and that the district court therefore erred. We hold that these contentions are without merit.

ALJ Wren's sole defense to the appellees' motion for summary judgment was the bald assertion that certain unidentified disputes of material fact exist which can be resolved only by trial. The district court effectively analyzed ALJ Wren's contention as a conclusion that "[t]he documents in question should have been placed into his personnel file, to which he clearly has access pursuant to the PA." (*Id.* at 623.)

In our prior opinion, we cited and quoted at length from various material provisions of the Freedom of Information Act and the Privacy Act. Those cites are by reference adopted herein. As did the district court, we have carefully examined the six docu-

ments in question and because our review leads to a conclusion identical to that of the district court, we adopt the following portion of the court's memorandum opinion of February 11, 1983, as that of this court:

Documents 1 and 3 [1] relate to problems and observations regarding various hearing offices, including Albuquerque. Plaintiff's name is not mentioned nor is plaintiff referred to in any way. An agency is only required to permit access to an individual's record, or to any information pertaining to him. 5 U.S.C. § 552a(d)(1). These two documents are not plaintiff's records, and are not information pertaining to him. These documents are not accessible to plaintiff under the PA.

Document 2 is a memorandum on problems and concerns regarding the Albuquerque hearing office. There are approximately seven reports of staff interviews with plaintiff. The others are interviews with other Administrative Law Judges (ALJ) from the Albuquerque office, and support staff. This document was contained in the "Regional and Field Hearing Office" files of the Chief Administrative Law Judge (CALJ). (¶ 4, Sept. 30, 1982 Affidavit of Philip T. Brown, Defendants' Exhibit B to Brief in Support of Supplemental Motion for Summary Judgment and Brief in Response to Order of the Court, filed October 4, 1982) (hereinafter cited as Affidavit). The document is not retrievable by plaintiff's name or other identifiers. (Affidavit ¶ 5.) Retrieval is accomplished by a document search, and access to the files is limited to the CALJ, and two Deputy CALJs. (Affidavit ¶ 7.) This document is not part of a "system of records", because even though it contains information relating to plaintiff, it is not retrievable by plaintiff's name or other identifying symbol. 5 U.S.C. § 552a(a)(5). *Savarese v. United States Dept. of Health*, 479 F.Supp. 304, 307 (N.D.Ga.1979), *affirmed*, 620 F.2d 298 (5th Cir.1980). Since none of the facts regarding the retrievability of any of the documents has been put into dispute by plaintiff [2], this Court is constrained to find that Document 2 is not accessible to plaintiff under the PA, as it is not contained in a "system of records".

The analysis for Documents 4, 5 and 6 leads this Court to the same conclusion. Documents 4 and 5 discuss alternative solutions to the perceived problems in the Albuquerque hearing office. Document 6 concerns a grievance filed by another ALJ from the Albuquerque office. Although these documents contain information pertaining to plaintiff, they are stored and retrieved in exactly the same manner as Document 2. (Affidavit ¶ 4, 5, 7.) They are not contained in a "system of records", and plaintiff is therefore not entitled to access under the PA.

Plaintiff contends that the issue of whether the documents are contained in a "system of records" is rendered moot by the submission of the documents to the Court, which, plaintiff argues, waives the retrievability requirement. Plaintiff cites no law for this proposition, and the Court is not persuaded that such a finding would be wise.

It appears that the main thrust of plaintiff's argument is that the documents in question should have been placed into his personnel file, to which he clearly has access pursuant to the PA. However, an agency is not required to place information in its records at the request of an individual. *Savarese*, 479 F.Supp. at 306.

No material issues of fact being presented, this Court finds that plaintiff is not entitled under the PA to access to the six documents in question.

This Court hereby incorporates that part of its April 14, 1981 Memorandum Opinion which analyzed plaintiff's requests under the Freedom of Information Act, and finds that plaintiff is not entitled to access under that Act.

Defendants' Motion for Summary Judgment is granted, and an Order will be entered to that effect.

(R., Vol. I at 621–24.) We also adopt the text of the footnotes referred to in the court's above-quoted opinion. Footnote one provides:

[1] The documents were submitted for *in camera* review prior to review by the Tenth Circuit, and have been viewed again by this Court pursuant to decision after remand.

In footnote two, the court stated:

[2] Plaintiff asserts at different points in his reply brief that his peers and others reacted negatively to him based upon the records in the CALJ's "secret files". These assertions, without affidavits or other evidence to support them, are not sufficient to prevent summary judgment. Fed.R.Civ.P. 56(e); *First National Bank v. Cities Service*, 391 U.S. 253, 289–90 [88 S.Ct. 1575, 1592–93, 20 L.Ed.2d 569] (1968).

When this court remanded, the district court was directed to determine (1) whether the subject "records" were ALJ Wren's records or contained information pertaining to him, pursuant to 5 U.S.C. § 552a(a)(4), (2) whether the records were contained in a "system of records" as defined under 5 U.S.C. § 552a(a)(5), and (3) whether ALJ Wren has a monetary claim under the Privacy Act, 5 U.S.C. §§ 552a(g)(1)(C) and 552a(g)(4), for the Department's alleged willful and intentional failure to maintain ALJ Wren's records properly. These determinations were made by the district court following a review of the entire record. As indicated in the above-quoted excerpt from its memorandum opinion, the court found that the Privacy Act did not apply because (1) two of the six documents did not pertain to ALJ Wren and no document was in a "system of records" personally identifiable to Wren, and (2) the subject records were not retrievable personally to ALJ Wren. These findings, unchallenged by ALJ Wren through supporting affidavits or rebuttal evidence, followed the appellees' motion for summary judgment pursuant to Fed.R.Civ.P. Rule 56. Rule 56(e) provides in pertinent part:

When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the pleading, but his response, by affidavits, or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

On appeal from an order granting summary judgment, the record must be viewed in the light most favorable to the opposing party. *Security National Bank v. Belleville Livestock Commission Co., Inc.*, 619 F.2d 840 (10th Cir.1980). Where there are no disputes of fact involving credibility determinations or different ultimate inferences, as here, the party opposing the motion for summary judgment cannot, as ALJ Wren did, rest on mere allegations; rather, he must, by affirmative response in affidavits or otherwise, set forth the specific facts showing there is a genuine issue for trial. *Prochaska v. Marcoux*, 632 F.2d 848 (10th Cir.1980). Bald claims that certain unidentified disputed material facts exist do not meet the requirements of Rule 56(e). *Natrona Service, Inc. v. Continental Oil Co.*, 598 F.2d 1294 (10th Cir.1974); 6 Moore's Federal Practice ¶ 56.15[6], at 605 and ¶ 56.22[2] (2d ed. 1982).

In *Hernandez v. Alexander*, 671 F.2d 402 (10th Cir.1982), we held that the Privacy Act exemption in subsection 552a(k)(5), exempting from access investigatory material compiled by an agency for determining "suitability, eligibility, or qualifications for Federal civilian employment," applies to the advisability of continued employment as well as to hiring. By analogy, subsection 552(b)(6), in part relied upon by the Acting Commissioner of Social Security in his above-quoted letter to ALJ Wren, exempts from disclosure "[i]nformation of a

personal nature where disclosure would constitute a clearly unwarranted invasion of personal privacy ...." Thus, in substance, the investigative records exemption in the Privacy Act appears to be coextensive with the "information of a personal nature" exemption contained in the FOIA.

The appellees properly rejected ALJ Wren's request for disclosure of the six documents on the grounds that they were exempt from the FOIA. Further, there is no violation as a matter of law of the requirements of the Privacy Act. The district court did not err in granting the appellees' motion for summary judgment and dismissing ALJ Wren's complaint.

WE AFFIRM.