Frank TOWNSEND, Jr.,
Petitioner-Appellant,

v.

Eddie LUCAS, Warden, Mississippi State Penitentiary and Edwin Lloyd Pittman, Attorney General, State of Mississippi, Respondents-Appellees.

No. 84–4146.

United States Court of Appeals,
Fifth Circuit.

Oct. 19, 1984.

Frank Townsend, Jr., pro se.

Edwin Lloyd Pittman, Atty. Gen., Larry M. Wilson, William S. Boyd, III, W.O. Dillard, Asst. Attys. Gen., Jackson, Miss., for respondents-appellees.

Before WILLIAMS, JOLLY, and HILL, Circuit Judges.

PER CURIAM:

This is an appeal from the denial of a habeas corpus petition. We do not reach the merits, but dismiss the appeal for failure to comply with Rule 58, Fed.R.Civ.P., and lack of a timely notice of appeal under Rule 4(a), Fed.R.App.P.

FACTS AND PROCEDURAL HISTORY

Frank Townsend, Jr., having been convicted of kidnapping and rape, is serving two concurrent thirty-year imprisonment terms at Parchman, Mississippi. The Mississippi Supreme Court has affirmed his convictions on direct appeal and summarily denied his petition for a writ of error coram nobis. Townsend has now applied for federal habeas corpus relief pursuant to 28 U.S.C. § 2254. The state concedes that he has exhausted his state remedies.

The magistrate recommended dismissal with prejudice of the petition. On May 6, 1983, the district court filed an order which stated: "It is therefore ordered that the Report and Recommendation of the United States Magistrate be, and the same is, hereby adopted as the finding of the Court." On May 23, 1983, in response to a petition for mandamus that he had filed the Fifth Circuit wrote Townsend that since his case was pending in the district court and would be ruled on in due course no ruling would be made on his petition for mandamus. On January 10, 1984, Townsend filed a notice of appeal from the May 6, order. On March 2, 1984, the district court issued a certificate of probable cause. No final judgment has been entered as a separate document in compliance with the requirements of Rule 58.

JURISDICTION

Since no final judgment has been entered as a separate document and thus there is no timely notice of appeal, the jurisdictional

prerequisites for an appeal have not been met and the appeal should be dismissed. Fed.R.Civ.P. 58; Fed.R.App.P. 4(a); *Seal v. Pipeline, Inc.*, 724 F.2d 1166, 1167 (5th Cir.1984).

In *Hanson v. Town of Flower Mound*, 679 F.2d 497 (5th Cir.1982), this Court concluded that "we may take jurisdiction from a 'final decision' under [28 U.S.C.] § 1291, even though no separate judgment has been entered, when the parties fail to raise the issue." This Court noted, nevertheless, that "it remains the better practice to have the judgment entered as a separate document." *Id.* at 501, 502. However, in *Hanson*, there was no indication that a timely notice of appeal had not been filed from the document purporting to be a final order.

In *United States v. Perez*, 736 F.2d 236 (5th Cir.1984), the district court in an order adopted the magistrate's report and denied the petitioner's motion to vacate his sentence. This Court dismissed an appeal because no timely notice of appeal had been filed from the order which was construed as not violating the separate document requirement of Rule 58. *Id.* at 238. In *Perez*, we noted that "[t]he mere fact that the first sentence of the order adopts the magistrate's report and recommendation, does not require that two documents be used by the district court rather than one." *Id.* However, in the case *sub judice*, the document in question only adopted the magistrate's report and recommendation. No separately stated final order denying relief was entered in the case on any document.

The Supreme Court has held that a decision of a district court can be a final appealable decision under 28 U.S.C. § 1291 even if it does not meet the separate document requirement of Rule 58. *Bankers Trust Co. v. Mallis*, 435 U.S. 381, 383–84, 98 S.Ct. 1117, 1119–1120, 55 L.Ed.2d 357 (1978). The Supreme Court observed that "[t]he separate-document requirement was ... intended to avoid the inequities that were inherent when a party appealed from

a document or docket entry that appeared to be a final judgment of the district court only to have the appellate court announce later that an earlier document or entry had been the judgment and dismiss the appeal as untimely." *Id.* at 385, 98 S.Ct. at 1120. In our case if the order of May 6, 1983, were viewed as a final order despite its noncompliance with Rule 58, the notice of appeal filed more than eight months after the order would be untimely and render this Court without jurisdiction to hear the appeal, not because of lack of finality but because of lack of timeliness.[1] The Supreme Court in *Mallis* notes that "[t]he rule should be interpreted to prevent loss of the right of appeal, not to facilitate loss." *Id.* at 386, 98 S.Ct. at 1121, *quoting* 9 J. Moore, Moore's Federal Practice ¶ 110.-08[2], p. 120 (2d ed. 1983). Therefore, not viewing the May 6 order as a final order complies with the intent of Rule 58 as interpreted in *Mallis* by not depriving Townsend of his right to appeal. *See* 435 U.S. at 386, 98 S.Ct. at 1120.

The problem of the untimely notice of appeal in this case may be obviated if Townsend files a motion for the entry of a judgment in the district court. *See Sassoon v. United States*, 549 F.2d 983, 985 (5th Cir.1977). He may then appeal from that judgment within 30 days of its entry. *See* Rule 4(a), Fed.R.App.P.

DISMISSED.

---

1. This Court has held that it may take jurisdiction over an appeal in which judgment has not been entered on a separate document even when the notice of appeal from the noncomplying order is untimely. *See United States v. Rodriguez*, 744 F.2d 90 (5th Cir.1984) (per curiam).