IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-20651
Summary Calendar
_____


MARIA JESUS DELACUEVA,

                                        Plaintiff-Appellee,


versus

TEXAS ALCOHOLIC BEVERAGE COMMISSION; ET AL.,

                                        Defendants,

MIKE BARNETT; KEITH COLEMAN; ROBERT SAMFORD,

                                        Defendants-Appellants.


- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-93-CV-4105
- - - - - - - - - -
September 17, 1997
Before DUHÉ, DeMOSS, and DENNIS, Circuit Judges.

PER CURIAM:[*]

    Maria Jesus Delacueva brought this civil rights action

against the Texas Alcoholic Beverage Commission, Mike Barnett,

Robert Samford, and Keith Coleman under 42 U.S.C. §§ 1981, 1983.

Barnett, Samford, and Coleman filed a motion for summary judgment

raising, inter alia, the defense of qualified immunity.  The

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

magistrate judge granted the motion in part and denied it in part.  The order was entered on April 17, 1996.  On June 29, 1996, Barnett, Samford, and Coleman filed their notice of appeal from the April 17 order.

This Court must examine the basis of its jurisdiction on its own motion if necessary.  Mosley v. Cozby, 813 F.2d 659, 660 (5th Cir. 1987).  An examination of the record in this case discloses that no final judgment has been entered as a separate document as required by Fed. R. Civ. P. 58.

The April 17 order contains the analysis and reasons for the decision and is therefore not a "separate document" judgment as required by Rule 58.  See 6A J. Moore, J. Lucas, G. Grotheer, MOORE'S FEDERAL PRACTICE, ¶ 58.02, at 58-17 (2d ed. 1991).  See also Bankers Trust Co. v. Mallis, 435 U.S. 381 (1978).  If we were to treat the April 17 order as a Rule 58 judgment, defendants' notice of appeal would be untimely therefrom because the notice was filed more than 30 days after the entry of such order.  See Fed. R. App. P. 4(a)(1).  The posture of this case is virtually identical to that in Townsend v. Lucas, 745 F.2d 933, 934 (5th Cir. 1984).  Following the procedure adopted in Townsend, we dismiss the appeal.  The defendants may rectify the lack of a separate document judgment by a motion to the district court for entry of judgment.  After entry of the judgment, they may appeal within the time prescribed by Rule 4(a)(1).  See id.

APPEAL DISMISSED.