**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 17 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

BARBARA SCHWARZ,

    Plaintiff-Appellant,

v.

FEDERAL BUREAU OF
INVESTIGATION,

    Defendant-Appellee.

No. 98-4036
(D.C. No. 97-CV-86-C)
(D. Utah)

---

**ORDER AND JUDGMENT** *

---

Before **BRORBY** , **McKAY** , and **BRISCOE** , Circuit Judges.

---

    After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal.   See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  The case is therefore

ordered submitted without oral argument.

---

\*    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Barbara Schwarz, appearing pro se, appeals the district court's summary judgment dismissal of her complaint alleging that the defendant, the Federal Bureau of Investigation, failed to comply with her Freedom of Information Act (FOIA) request. We grant Ms. Schwarz leave to proceed in forma pauperis. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Background

Ms. Schwarz filed a FOIA request with the FBI seeking any records it maintained concerning herself. The FBI initially responded that there would be delays in processing her request due to the large number of FOIA requests. After she made repeated requests for the information, Ms. Schwarz brought action under FOIA, 5 U.S.C. § 552, to compel the FBI to produce documents responsive to her request. The FBI then informed Ms. Schwarz that its search indicated she had never been the subject of an FBI investigation, but that it had located several references to her, primarily copies of her correspondence with the FBI. The agency released copies of all the responsive materials to Ms. Schwarz. There were three references to Ms. Schwarz in documents that the FBI was unable to locate, but it informed Ms. Schwarz it would continue its search for these materials.

The FBI moved for summary judgment on the ground that it had not improperly withheld agency records and that its search was reasonably calculated to locate all documents requested by Ms. Schwarz. The district court denied the first summary judgment motion filed by the FBI, holding that its supporting affidavit did not provide a sufficiently detailed description of its search process. The government then filed a second summary judgment motion, with a significantly more detailed supporting affidavit. The district court directed supplementation of this motion with information describing the means by which a FOIA search request from FBI headquarters is transmitted to the field offices. After the supplemented affidavit was filed, the district court granted summary judgment in favor of the FBI. On appeal, Ms. Schwarz claims that the FBI did not meet its obligations under FOIA, asserting that the FBI is furthering a conspiracy against her.

Analysis

The FOIA provides jurisdiction in the district courts to "enjoin" an agency, subject to the Act, from "withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B). Summary judgment is proper in a FOIA action when the agency demonstrates that its search was reasonably calculated to uncover all relevant documents. See Weisberg v. United States Dep't of Justice, 705 F.2d 1344, 1351

(D.C. Cir. 1983). The agency must make "a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested." Oglesby v. United States Dep't of the Army, 920 F.2d 57, 68 (D.C. Cir. 1990). "To show reasonableness at the summary judgment phase, an agency must set forth sufficient information in its affidavits for a court to determine if the search was adequate." Nation Magazine, Washington Bureau v. United States Customs Serv., 71 F.3d 885, 890 (D.C. Cir. 1995). "Conclusory statements that the agency has reviewed relevant files are insufficient to support summary judgment." Id. "The affidavits must be reasonably detailed, setting forth the search terms and the type of search performed, and averring that all files likely to contain responsive materials (if such records exist) were searched." Id. (quotations omitted).

When the agency has provided such affidavits, the nonmoving party must either produce evidence contradicting the adequacy of the agency's search or evidence of the agency's bad faith. See Miller v. United States Dep't of State, 779 F.2d 1378, 1384 (8th Cir. 1985). The nonmoving party may not rest on mere allegations or denials of pleadings; she must, by affidavit or other appropriate means, set forth specific facts establishing the existence of a genuine issue for trial. See Wren v. Heckler, 744 F.2d 86, 90 (10th Cir. 1984).

We review the district court's summary judgment on a FOIA claim de novo, so long as the decision rests on an adequate factual basis. See Audubon Soc'y v. United States Forest Serv., 104 F.3d 1201, 1203 (10th Cir. 1997). Here, the FBI submitted multiple declarations from agency personnel detailing in substantial length the structure of the FBI's file and indexing systems, its search methods and procedures, and the scope and nature of the search it conducted on Ms. Schwarz' behalf. The FBI provided adequate affidavits and other material showing that the agency had conducted a reasonable search and had found, and turned over to Ms. Schwarz, all of the records it could locate responsive to her request. We have reviewed the record, and we agree with the district court's conclusion that "it is apparent . . . that the agency conducted a search for the documents requested by plaintiff in a manner reasonably calculated to lead to their discovery." R. Doc. 56, at 1.

Ms. Schwarz responded with only bare allegations claiming the FBI's search was not adequate. Ms. Schwarz argues the district court erred by not requiring the FBI to locate more files, and she complains in particular about the FBI's inability to locate three documents containing references to her. However, the fact that the FBI's search failed to turn up three documents is not sufficient to contradict the reasonableness of the FBI's search without evidence of bad faith. See Meeropol v. Meese, 790 F.2d 942, 952-53 (D.C. Cir. 1986) ("[A] search

-5-

is not unreasonable simply because it fails to produce all relevant material; no [large] search . . . will be free from error.").  The fundamental question is "not 'whether there might exist any other documents possibly responsive to the request, but rather whether the search for those documents was adequate.'"  Steinberg v. United States Dep't of Justice, 23 F.3d 548, 551 (D.C. Cir. 1994) (quoting Weisberg v. United States Dep't of Justice, 745 F.2d 1476, 1485 (D.C. Cir. 1984)).  Ms. Schwarz supplemented and modified her search requests during the course of the litigation, and she complains that the FBI did not search all of its field offices, as she requested that it do late in the course of this litigation.  However, "[a] reasonable effort to satisfy [a search] request does not entail an obligation to search anew based upon a subsequent clarification[;] . . . [r]equiring an additional search each time the agency receives a letter that clarifies a prior request could extend indefinitely the delay in processing new requests."  Kowalczyk v. Dep't of Justice, 73 F.3d 386, 388 (D.C. Cir. 1996).

Ms. Schwarz also raises several procedural arguments about the proceedings before the district court.  She complains that the district court gave the FBI several opportunities to supplement its descriptions of its search methods and procedures and to file amended motions for summary judgment.  The district court has the discretion under Fed. R. Civ. P. 56(e) to permit affidavits in support

of summary judgment motions to be supplemented. We find no abuse of the district court's discretion here. Indeed, the district court's rulings demonstrate that it carefully addressed Ms. Schwarz' allegations and diligently required the FBI to satisfy its obligations under FOIA.

The district court directed a magistrate judge to manage the case pursuant to 28 U.S.C. § 636(b)(1)(B). Ms. Schwarz complains that the magistrate judge entered an order that her pleadings and documents would be received by the court, but would not be considered filed and docketed until reviewed by the magistrate judge. Federal courts have the inherent power to impose sanctions to regulate their docket, promote judicial efficiency and to deter frivolous filings. See, e.g., Roadway Express, Inc. v. Piper, 447 U.S. 752, 764-67 (1980); Van Sickle v. Holloway, 791 F.2d 1431, 1437 (10th Cir. 1986). The magistrate judge entered this order only after Ms. Schwarz filed several nonresponsive documents with the court. Ms. Schwarz does not claim that any of her pleadings were not filed or docketed, and we find no error in the magistrate judge's order.

Ms. Schwarz also argues that the district court erred in granting the FBI's request for a protective order staying discovery while the FBI's motion for summary judgment was pending. This court will not overturn the district court's exercise of its broad discretion to manage the scope of discovery absent "a definite and firm conviction that the lower court made a clear error of

judgment or exceeded the bounds of permissible choice in the circumstances."

Kidd v. Taos Ski Valley, Inc., 88 F.3d 848, 853 (10th Cir. 1996) (quotation

omitted). The decision of the magistrate judge denying discovery was reasonable

and well within its broad discretion to manage such matters.

Finally, Ms. Schwarz argues that the district judge was biased and

prejudiced against her, and erred by denying her recusal motion. We review "the

denial of a motion to recuse only for abuse of discretion." Weatherhead v. Globe

Int'l, Inc., 832 F.2d 1226, 1227 (10th Cir. 1987). Ms. Schwarz' grounds for

recusal are that the district court judge made rulings adverse to her in the course

of the litigation. Ms. Schwarz makes only unsupported allegations that the

district court judge was biased. Judicial rulings alone almost never constitute a

valid basis for recusal based on bias or partiality. See Liteky v. United States,

510 U.S. 540, 555 (1994). We find no abuse of discretion in the district court's

denial of the recusal motion.

To summarize, Ms. Schwarz did not present evidence raising a genuine

issue of material fact contradicting the FBI's evidence that it conducted a search

reasonably calculated to uncover all relevant documents. Therefore, summary

judgment for the FBI was proper. Accordingly, the judgment of the United States

District Court for the District of Utah is AFFIRMED. The mandate shall issue

forthwith.

Entered for the Court


Monroe G. McKay
Circuit Judge