**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 7 1998**

**PATRICK FISHER**
**Clerk**

## UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

BARBARA SCHWARZ,

Plaintiff-Appellant,

v.

NATIONAL ARCHIVES &
RECORDS ADMINISTRATION,

Defendant-Appellee.

No. 98-4070
(D.C. No. 97-CV-816-K)
(Utah)

## ORDER AND JUDGMENT*

Before **SEYMOUR**, Chief Judge, **BRORBY** and **BRISCOE**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

---

*This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Barbara Schwarz filed this action against the National Archives and Records Administration (NARA) and the Information Security Oversight Office (ISOO) under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, seeking all records concerning herself, her husband, Mark Rathbun, and a number of other individuals. The district court granted summary judgment for defendants. We affirm.

Ms. Schwarz's FOIA requests for information were received by the director of the ISOO, Steven Garfinkel. The ISOO searched its files and Mr. Garfinkel reported to Ms. Schwarz that the only records found pertaining to her requests were the correspondence from her concerning those requests. Ms. Schwarz asked that Mr. Garfinkel provide an affidavit from the individuals who conducted the search and Mr. Garfinkel refused.

Ms. Schwarz appeared pro se in the district court, alleging that the ISOO did not respond to her requests in a timely manner, that the ISOO lied when it stated it had no other records responding to her requests, and that the ISOO acted in bad faith. In response, Mr. Garfinkel provided an affidavit detailing the ISOO's search. The district court acknowledged that Mr. Garfinkel's affidavit was not entirely clear on the time periods during which the ISOO searched, but the court construed the affidavit as meaning that "all relevant time periods were searched." Rec., vol. I, doc. 28. The district court granted defendants' motion

for summary judgment. Ms. Schwarz argues on appeal that Mr. Garfinkel's affidavit was inadequate to show a reasonable search was conducted; that she should be awarded attorney's fees; that the district court judge was biased; and that the federal government was plotting a conspiracy against her.

On appeal from summary judgment, we view the record in the light most favorable to the FOIA requester. Miller v. United States Dep't of State, 779 F.2d 1378, 1382 (8th Cir. 1985). In two cases involving our same Ms. Schwarz, we held that summary judgment is available to an FOIA defendant when the agency offers adequate affidavits establishing that it has complied with its FOIA obligations. Schwarz v. Federal Bureau of Investigation, No. 98-4036, 1998 WL 667643, at *1 (10th Cir. Sept. 17, 1995); Schwarz v. Interpol, Nos. 94-4111, 94-4142, 1995 WL 94664, at *1 (10th Cir. Feb. 28, 1995) (citing Miller, 779 F.2d at 1382-83). To prove the reasonableness of its search, the agency affidavits must be "relatively detailed, nonconclusory and submitted in good faith." Miller, 779 F.2d at 1383. The defendant agency needs to demonstrate only that it performed a document search "reasonably calculated to uncover all relevant documents." Weisberg v. United States Dep't of Justice, 705 F.2d 1344, 1351 (D.C. Cir. 1983). The burden then shifts to the nonmoving party who must provide either evidence to contradict the moving party or evidence of bad faith. Schwarz v. Interpol, 1995 WL 94664 at *1. Unsupported allegations are not enough to satisfy this

burden.  Id.

In the present case, the ISOO offered Mr. Garfinkel's affidavit that the ISOO conducted a reasonable search of its files and found no other records relevant to Ms. Schwarz's requests.  Mr. Garfinkel's affidavit declared that a thorough search of all the records at the ISOO had been conducted and included a detailed listing of the files searched.  Aplee. Supp. App. at 6-8.  The burden then shifted to Ms. Schwarz to contradict the ISOO's evidence.  Ms. Schwarz offered as evidence the facts that the ISOO could not find any other records responsive to her requests and that Mr. Garfinkel's affidavit did not specifically cite to her designated time frame.  These facts are not sufficient to contradict the reasonableness of the ISOO's search.  Nor are they sufficient to prove bad faith.  An agency cannot be required to produce records when none exist.  Miller, 779 F.2d at 1384-85.  The district court found Mr. Garfinkel's affidavit sufficient to cover a search of all time periods, and we believe this is a reasonable construction of the affidavit.  The record contains no reason to doubt that the extensive files searched constituted a reasonable, if not exhaustive, attempt to uncover relevant documents.  We have carefully reviewed the record on appeal and Ms. Schwarz's brief, and we conclude that the district court did not err in granting summary judgment for defendants.

We also conclude that the district court did not abuse its discretion in

requiring each party to bear its own costs. Reasonable attorney's fees and other litigation costs under the FOIA are awarded to the prevailing complainant. 5 U.S.C. § 552(a)(4)(E); see also Miller, 779 F.2d at 1389. Ms. Schwarz is thus not eligible for costs or fees.[1]

Summary judgment is AFFIRMED.

ENTERED FOR THE COURT

Stephanie K. Seymour
Chief Judge

---

[1]We note that Ms. Schwarz has failed to allege any factual basis to support her charges of district court bias or governmental conspiracy, and we therefore reject these claims summarily.