REVISED, MAY 9, 2001

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 00-40743
Summary Calendar

---

DAVID L. MEADOR,

                                        Plaintiff-Appellant,

versus

SUN EXPLORATION AND DEVELOPMENT
COMPANY, also known as Oryx Energy
Co.; KERR-MCGEE CORPORATION, Successor
by merger to Oryx Energy Company,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:99-CV-667
--------------------
May 2, 2001

Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

David L. Meador appeals the dismissal of his diversity lawsuit against various oil companies for extraction of minerals from a piece of property which Meador alleges that he holds a partial interest. The district court dismissed the lawsuit under FED. R. CIV. P. 12(b)(6), stating that Meador had failed to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

establish a chain of title to the property and that his claims were barred by *res judicata* and collateral estoppel.

This court must examine the basis of its jurisdiction on its own motion if necessary. Mosley v. Cozby, 813 F.2d 659, 660 (5th Cir. 1987). An examination of the record in this case discloses that no final judgment has been entered as a separate document as required by FED. R. CIV. P. 58.

In an order entered on March 9, 2000, the district court granted the defendants' motion to dismiss. Within 10 days of the entry of the district court's order of dismissal, Meador filed a motion to amend the order, purportedly pursuant to FED. R. CIV. P. 59(e), in which he challenged the district court's ruling with respect to ownership of Abstract 181. The district court denied the motion to amend, and Meador did not file a notice of appeal following that denial. He therefore cannot appeal that denial. See FED. R. APP. P. 4(a)(4)(B)(ii).

Within 30 days of the district court's order, Meador filed a notice of appeal to the Supreme Court, stating that he wished to have that court amend two prior judgments of this court with respect to the ownership of Abstracts 182 and 183, based upon the district court's ruling. Because this notice appeal does not identify this court as the court to which he is appealing, it is not a sufficient notice of appeal under FED. R. APP. P. 3(c). This court could construe the notice liberally "so as [not] to unduly close the appellate doors." Ingraham v. United States, 808 F.2d 1075, 1080 (5th Cir. 1987). However, such a construction would result in an appeal only from the part of the

district court's judgment pertaining to Abstracts 182 and 183. Meador's argument on appeal addresses only the district court's ruling on Abstract 181. Because he failed to brief the only issues that he appealed, his claims would be deemed abandoned. Id.; see Brinkmann v. Abner, 813 F.2d 744, 748 (5th Cir. 1987).

We therefore decline to treat the March 9 order as a Rule 58 judgment; Meador would arguably be prejudiced because he would not have addressed the relevant issue on appeal and because he has arguably never filed a notice of appeal from the district court's order. See Baker v. Mercedes Benz of N. Am., 114 F.3d 57, 60-61 (5th Cir. 1997)(addressing an untimely notice of appeal). Therefore, we DISMISS, as premature, this appeal for lack of entry of a final, appealable judgment. See Townsend v. Lucas, 745 F.2d 933, 934 (5th Cir. 1984).

Meador may rectify the lack of a separate document judgment by a motion to the district court for entry of judgment. After entry of the judgment, he may appeal within the time prescribed by FED. R. CIV. P. 4(a)(1)(A).

Meador has also filed a motion for leave to add a defendant on appeal. This motion is DENIED.

APPEAL DISMISSED; MOTION TO ADD PARTY DENIED.