IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-30353
Summary Calendar
_____

ANTHONY DEVEAUX,

Plaintiff-Appellant,

versus

TODD LOUVIERE; ET AL.,

Defendants,

TODD LOUVIERE; CHARLES A. FUSELIER;
K. BABERS, Deputy; CHAD BENOIT, Deputy;
DAVID DELAUNEY, Corporal; PICARD, Corporal;
RAYMOND CALAIS; HEBERT, Deputy; LEGRAND,
Deputy; QUERY, Nurse; LARRY LANDRY; LOUIS
LANDRY; DENNIS LEBLANC, Lieutenant; WORTHY
QUEREAU; ALLEMOND, Lieutenant; BIENVENU,
Sergeant,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 00-CV-387
--------------------
September 5, 2002

Before HIGGINBOTHAM, SMITH and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Anthony Deveaux, INS detainee # A73-784-337, appeals the

summary judgment in favor of the defendants in his 42 U.S.C.

_____

   [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

§ 1983 action regarding allegations of excessive force, unconstitutional conditions of confinement, and denials of due process in disciplinary proceedings.

This court must examine the basis of its jurisdiction on its own motion if necessary. Mosley v. Cozby, 813 F.2d 659, 660 (5th Cir. 1987). An examination of the record in this case discloses that no final judgment has been entered as a separate document as required by FED. R. CIV. P. 58.

In an order entered on March 19, 2001, the district court granted summary judgment in favor of the majority of the defendants. After Deveaux had filed his notice of appeal, defendants Michael Washington and Milton Joseph filed answers and motions for relief. The district court granted Washington's motion for summary judgment and Joseph's motion to dismiss for failure to prosecute. Deveaux's appellate brief, which was filed before entry of these orders, raises specific allegations against Joseph, but does not respond to the district court's orders. We therefore decline to treat the March 19 order as a Rule 58 judgment; Deveaux would arguably be prejudiced because he did not have the opportunity to address the later orders entered by the district court. See Baker v. Mercedes Benz of N. Am., 114 F.3d 57, 60-61 (5th Cir. 1997)(addressing an untimely notice of appeal). Therefore, we DISMISS, as premature, this appeal for lack of entry of a final, appealable judgment. See Townsend v. Lucas, 745 F.2d 933, 934 (5th Cir. 1984).

Deveaux may rectify the lack of a separate document judgment by a motion to the district court for entry of judgment. After entry of the judgment, he may appeal within the time prescribed by FED. R. CIV. P. 4(a)(1)(A).

Deveaux has also filed a motion requesting that the defendants be ordered to submit his reply brief or to show cause why Deveaux cannot mail his reply brief. This motion is DENIED AS MOOT.

APPEAL DISMISSED; MOTION DENIED AS MOOT.