United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 6, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-41445
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ADOLFO MORENO-RIOS, also known as
Juan Herrera-Martinez, also known as
Jesus Felix Sustaita,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC Nos. L-00-CV-100
L-97-CR-149-1
--------------------

Before GARWOOD, EMILIO M. GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Adolfo Moreno-Rios, federal prisoner number 71268-079, requests a certificate of appealability (COA) to appeal the district court's denial of his 28 U.S.C. § 2255 motion. This court must examine the basis of its jurisdiction on its own motion if necessary. Mosley v. Cozby, 813 F.2d 659, 660 (5th Cir. 1987). An examination of the record in this case discloses

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that no final judgment has been entered as a separate document as required by FED. R. CIV. P. 58. See Baker v. Mercedes Benz of N. Am., 114 F.3d 57, 60 (5th Cir. 1997).

If we were to treat the order of May 31, 2001, as a Rule 58 judgment, Moreno's pro se notice of appeal, which is stamped as filed on April 14, 2002, is untimely. See FED. R. APP. P. 4(a)(1). Moreover, both the motions to reopen the time to file a notice of appeal or to extend time to file a notice of appeal are nullities, as neither meet the requirements of FED. R. APP. P. 4(a)(5) or (6). See Wilkens v. Johnson, 238 F.3d 328, 330-31 (5th Cir. 2001).

Because, under the peculiar facts of this case, it would be unjust to apply the amendments to FED. R. CIV. P. 58 effective December 1, 2002, we conclude that the appeal must be dismissed pursuant to the procedure set out in Townsend v. Lucas, 745 F.2d 933, 934 (5th Cir. 1984). See Burt v. Ware, 14 F.3d 256, 258-59 (5th Cir. 1994). Moreno may rectify the lack of a separate document judgment by filing in the district court a motion requesting the entry of a Rule 58 judgment. See id. After a Rule 58 judgment is entered, a new notice of appeal must be filed within the time prescribed by Rule 4(a)(1). See id.

APPEAL DISMISSED; COA DENIED AS MOOT.