**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 16, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

GILBERT D. DAVIS,

     Plaintiff - Appellant,

v.

UNITED STATES DEPARTMENT OF
VETERANS AFFAIRS,

     Defendant - Appellee.

No. 17-1325
(D.C. No. 1:16-CV-00701-CBS)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MORITZ**, **McKAY**, and **KELLY**, Circuit Judges.
_____

     Gilbert Davis filed this pro se action under the Freedom of Information Act

(FOIA), 5 U.S.C. § 552, to compel the United States Department of Veterans Affairs

(VA) to turn over all documents related to his claims for veterans benefits.[1] A

magistrate judge acting on the parties' consent, *see* 28 U.S.C. § 636(c)(1), granted

summary judgment to the VA, ruling that the record demonstrated the VA conducted

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] We afford Davis's pro se materials a liberal construction. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

a reasonable search for all responsive documents and Davis failed to show a material fact dispute. The magistrate judge also ruled that Davis was not entitled to further discovery. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

I

By our count, the VA has given Davis some six complete copies of his record. We need not describe each instance, but suffice it to say that the VA has reviewed its relevant databases on multiple occasions, recovered documents responsive to Davis's requests, and provided him with a complete copy of his claims file. Nevertheless, Davis insists that the VA continues to withhold additional records, and he filed this suit to obtain those documents. The VA continued to work with Davis after he filed suit, and Davis met in person with the VA's FOIA officer for the Denver regional office, Greg Linnert. Even after personally observing Linnert search the VA's databases for his records, Davis remained convinced that the VA is withholding records. With the parties unable to resolve the dispute, the VA moved for summary judgment.

In its motion, the VA argued that it conducted a reasonable search of its record systems and didn't withhold any responsive documents. The VA further asserted that it provided nearly 8,000 pages of material to Davis and was unaware of any records that weren't disclosed to him. The VA attached to its motion a declaration from Linnert, who stated that he searched the VA's three record database systems likely to contain responsive documents: "the Veterans Benefits Management System (VBMS), Virtual VA, and Veterans Appeals Control Locator System (VACOLS)."

2

R., Vol. 1 at 201. He stated that he searched each of these systems using Davis's VA file number and social security number, he obtained the same results from each system, and he cross-referenced the other systems using Davis's name, social security number, and other identifying information. Linnert averred that, to his knowledge, these three systems were the only databases likely to contain Davis's records, all of which were released to him.

In response, Davis argued that a copy of his records provided to him on compact disc was unreadable. He also claimed the VA failed to disclose specific records of "End Products," "Deferred Ratings Decisions," and records related to a claim he made in 1997 wherein a VA staff member wrote, "Board Notes: Vet has just submitted evidence showing that he was unemployable beginning in 1988, so I guess we better get all the records of his employment." *Id.* at 209.

The VA replied by pointing out that it gave Davis a replacement copy of his records after he claimed the copy on compact disc was unreadable. The VA also submitted a supplemental declaration from Linnert in which he averred that the specific records Davis sought were already in his possession or weren't records at all. He explained that an "end product code" is not a record but rather a control number used by the VA to designate certain actions taken by or on behalf of a veteran. *Id.* at 232. He indicated that end product codes would have been printed on documents that were provided to Davis. Further, he explained that a "deferred rating decision" is made when a VA disability-rating specialist concludes that additional information is needed before making a determination on a veteran's disability rating. *Id.* at 233. He

stated that deferred rating decisions and any associated documents would be included in a veteran's claims file. Finally, Linnert stated that documents relating to the 1997 claim should have been among the records released to Davis. He cited the specific pages where those records were located—480 through 527—which, according to Linnert, included a May 1997 claim made by Davis on the basis that he was unemployable, documentation he submitted in support of the claim, and a VA note indicating there was evidence that Davis was employable. *See id.*

Based on this record, the magistrate judge concluded that the VA conducted a reasonable and adequate search for the requested documents. The magistrate judge determined that Linnert's declaration and supplemental declaration demonstrated that his methodology of searching for responsive documents was appropriate and reasonable. The magistrate judge also ruled that, without more, Davis's mere speculation that the VA withheld information was immaterial to the adequacy of its search. And absent evidence that the VA attempted to conceal records or impede Davis's efforts to obtain his records, the magistrate judge concluded that he failed to support his allegations of bad faith. Consequently, the magistrate judge entered summary judgment for the VA and denied further discovery.

II

We review the district court's summary judgment decision de novo, viewing all reasonable inferences in favor of the non-moving party. *Hull v. IRS*, 656 F.3d 1174, 1177 (10th Cir. 2011). FOIA "requires federal agencies to make Government records available to the public, subject to nine exemptions for specific categories of

4

material." *Milner v. Dep't of Navy*, 562 U.S. 562, 564 (2011). "The general rule under FOIA is that a person is entitled to copies of a federal agency's records upon making a request that 'reasonably describes such records' and that complies with required procedures for such requests." *Trentadue v. FBI*, 572 F.3d 794, 796 (10th Cir. 2009) (quoting 5 U.S.C. § 552(a)(3)(A)(i)).

In responding to a FOIA request, an agency must conduct a search that is "reasonable in scope and intensity." *Id.* at 797 (internal quotation marks omitted). We focus on the reasonableness of the search, not on whether there might be some additional documents that the agency failed to uncover:

> [T]he focal point of the judicial inquiry is the agency's search process, not the outcome of its search. The issue is *not* whether any further documents might conceivably exist but rather whether the government's search for responsive documents was adequate, which is determined under a standard of reasonableness, and is dependent upon the circumstances of the case.

*Id.* (brackets, ellipsis, and internal quotation marks omitted). To support the adequacy and reasonableness of its search process, an agency may provide detailed affidavits or declarations showing the scope of its search. *See id.* at 807. "When the agency has provided such affidavits, the nonmoving party must either produce evidence contradicting the adequacy of the agency's search or evidence of the agency's bad faith." *Schwarz v. FBI*, No. 98-4036, 1998 WL 667643, at *2 (10th Cir. Sept. 17, 1998) (unpublished).[2] "'In the absence of countervailing evidence or apparent inconsistency of proof, such affidavits will suffice to demonstrate

---

[2] We may consider non-precedential, unpublished decisions for their persuasive value. *See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1(A).

compliance with the obligations imposed by the FOIA.'" *Trentadue*, 572 F.3d at 807

(quoting *Rugiero v. U.S. Dep't of Justice*, 257 F.3d 534, 547 (6th Cir. 2001)).

Here, the VA clearly demonstrated that it conducted a search reasonably
calculated to uncover all responsive documents. Through Linnert's declaration, the
VA established that Linnert "responded to several written, telephonic, and in-person
requests from Davis seeking records related to his various claims and appeals for
disability determinations and compensation from the VA." R., Vol. 1 at 201. Linnert
stated that he searched the VA's three database systems likely to contain Davis's
records and obtained all records available in each system. He then cross-referenced
the results by searching each system using Davis's name, social security number, and
other identifying information. On one occasion, Linnert searched the three systems
with Davis "looking over [his] shoulder at [his] computer screen." *Id.* at 203. And
he provided Davis with printouts and screenshots of the searches he conducted and
repeatedly spoke with Davis to ascertain whether there might be additional
documents he could help him find. Davis insisted he was missing records pertaining
to his benefits claims and ratings decisions, but Linnert averred that those records are
stored in the VBMS and/or Virtual VA systems, along with the status of any appeal,
which also might have been stored in the VACOLS. He stated that all of these
systems were searched and the results were provided to Davis. These efforts describe
a reasonable search for all responsive documents.

Further, the VA established that it gave Davis his entire claims file and didn't
withhold any responsive documents. Davis asserted he was missing records

6

associated with a February 2012 rating decision, but Linnert explained that those records, which the VA attached to its summary judgment motion, *see id.* at 191-99, were twice provided to Davis, *id.* at 205, para. 15. Moreover, Linnert's supplemental declaration clarified that other information Davis claimed was missing—"end product codes"—are control numbers, not claims records, used by the VA to track activity in a veteran's file. He stated these numbers are "generally reflected on the document that is included in the veteran's claims file," *id.* at 232, and our review confirms that Davis possessed at least one document that bears an end product code, *see, e.g., id.* at 156. Linnert also clarified that all information associated with a "deferred rating decision" would be included in a veteran's claim file. Finally, he cited the specific pages where documents associated with the 1997 claim could be located.

Against this detailed description of the VA's methodology and efforts to search for and provide Davis with all responsive documents, Davis offers only his own speculative assertions that additional documents must exist. But "'purely speculative claims about the existence and discoverability of other documents'" are insufficient to contradict an agency's declarations for purposes of surviving summary judgment. *Trentadue*, 572 F.3d at 808 (quoting *SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir. 1991)). A "party opposing the motion for summary judgment cannot . . . rest on mere allegations; rather, he must, by affirmative response in affidavits or otherwise, set forth the specific facts showing there is a genuine issue for trial. Bald claims that certain unidentified disputed material facts

7

exist do not" suffice. *Wren v. Heckler*, 744 F.2d 86, 90 (10th Cir. 1984) (citation omitted).

Davis insists the VA stated only generally that certain documents are included in a veteran's file. But this argument mischaracterizes the record and improperly focuses on the results of the search, not the reasonableness of its scope. Again, Linnert stated that after repeatedly searching all three VA databases, he gave Davis over 7,500 pages of documents comprising his entire claims file. He also cited the specific pages of documents related to the 1997 claim. These are not general averments, and Davis cites no evidence to rebut these representations.

Davis also contends we may infer that the VA acted in bad faith because it initially invoked a statutory exemption to withhold records containing other veterans' social security numbers. We doubt this manifests bad faith, but regardless, the VA provided another copy of his record with the other veterans' social security numbers redacted. Moreover, the record doesn't permit an inference of bad faith absent countervailing evidence to impeach Linnert's statement that he responded to several requests for information and attempted to help Davis find his records.

Additionally, Davis questions whether documents relating to the February 2012 rating decision are part of his record. But this argument doesn't bear on the reasonableness of the search. To the extent Davis suggests these documents were improperly withheld, the VA attached them to its summary judgment motion, *see* R., Vol. 1 at 191-99, and Linnert stated that they were provided to Davis, *id.* at 205,

para. 15. Davis offers nothing to rebut this evidence. Under these circumstances, the magistrate judge properly granted summary judgment to the VA.

Finally, Davis contends the magistrate judge erred in denying his discovery requests. He doesn't specify the nature of his request, but in the district court he essentially sought his entire VA record. We review for an abuse of discretion, *see Trentadue*, 572 F.3d at 806, and perceive none. Davis has shown no factual dispute regarding the VA's good-faith efforts to comply with FOIA, nor has he offered any evidence to question the veracity of Linnert's declarations or the reasonableness of the search he performed. Thus, there was no need for further discovery. *See id.* at 807 ("Discovery relating to the agency's search and the exemptions it claims for withholding records generally is unnecessary if the agency's submissions are adequate on their face, and a district court may forgo discovery and award summary judgment on the basis of submitted affidavits or declarations." (internal quotation marks omitted)).

### III

The judgment of the district court is affirmed.[3]

Entered for the Court

Nancy L. Moritz
Circuit Judge

---

[3] We decline to consider Davis's passing request to impose sanctions, which he raised for the first time in his reply brief. *See Muscogee (Creek) Nation v. Okla. Tax Comm'n*, 611 F.3d 1222, 1228 n.3 (10th Cir. 2010).