UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

BRENT G. POLL,

       Plaintiff-Appellant,

v.

U.S. OFFICE OF SPECIAL
COUNSEL,

       Defendant-Appellee.

No. 99-4021

ORDER
Filed January 10, 2000

Before **BRORBY** , **EBEL** , and **HENRY** , Circuit Judges.

This matter comes before the court on Plaintiff-appellant Brent G. Poll's
"Motion for Clarification." Upon consideration, the motion is denied. However,
on its own motion the panel amends the order and judgment entered on
October 14, 1999, as follows:

1. By deleting the following sentence in the first full paragraph of section I
of the order and judgment: "Poll complained that he had been detailed to a
position for which he was not actually qualified, resulting in his reassignment to
an undesirable geographical location."

2.  By adding the following sentence to the first paragraph of Section III of the order and judgment (new language in bold; entire new paragraph reproduced below as follows):

> "The FOIA allows the district court flexibility in utilizing in camera review of the disputed documents, indexing, oral testimony, detailed affidavits, or alternative procedures to determine whether a sufficient factual basis exists for evaluating the correctness of the agency determination in each case."  Anderson , 907 F.2d at 942 (quotation omitted).  It does not appear that the district court conducted an in camera review of the disputed documents in this case.  **The disputed documents do not appear in the record, and we are therefore also unable to review them in camera.**  Instead, the OSC submitted an affidavit from its associate special counsel, Erin McDonnell, identifying the two memoranda which OSC had withheld from Poll, and setting forth facts in support of withholding them.

A copy of the amended order and judgment is attached.

The mandate shall issue forthwith.

Entered for the Court
PATRICK FISHER, Clerk of Court


By:
Keith Nelson
Deputy Clerk

-2-

**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 14 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

BRENT G. POLL,

       Plaintiff-Appellant,

v.

U.S. OFFICE OF SPECIAL
COUNSEL,

       Defendant-Appellee.

No. 99-4021
(D.C. No. 96-CV-17)
(D. Utah)

---

**ORDER AND JUDGMENT** *

---

Before **BRORBY, EBEL** , and **HENRY** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination

of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

\*    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Brent G. Poll appeals from the district court's order granting summary judgment in favor of the United States Office of Special Counsel (OSC) on Poll's complaint pursuant to the Freedom of Information Act, 5 U.S.C. § 552 (FOIA). We affirm in part, reverse in part, and remand for further proceedings.

I.

Poll is a former Management Analyst for the Department of Defense. In August 1994 he filed a complaint with the OSC charging that he had been granted an authorized preference or advantage in violation of 5 U.S.C. § 2302. Penney M. Moy, a personnel management specialist with OSC, reviewed the allegations and supporting documentation, spoke with Poll personally, and prepared a brief written summary of the allegations and facts. Leonard M. Dribinsky, an OSC prosecutor, later determined that the matter did not warrant further field investigation and in July 1995, the matter was closed.

On June 20, 1995, Poll submitted a FOIA/Privacy Act request to OSC. He requested a copy of all OSC file numbers for 1994 and 1995 and the status of those files. Additionally, he requested copies of all materials or records associated with OSC file number MA-94-1974, the investigative file concerning his complaint.

The OSC responded on November 21, 1995, by granting his request in part. It supplied him with all of the OSC file numbers for 1994 and 1995 and the status of those files. It also granted him access to materials contained in file number MA-94-1974, with the exception of OSC internal memoranda and correspondence control documents.

On November 29, 1995, Poll undertook an administrative appeal of the denial of the internal memoranda.[1] The OSC received the appeal on December 7, 1995. By letter dated January 31, 1995, it notified Poll that there was a backlog in processing FOIA matters and that it hoped to resolve his appeal within the next month. On March 5, 1996, Poll filed this complaint in district court, complaining that the OSC had failed to meet statutory time requirements for responding to his FOIA appeal, and that it had wrongfully withheld the internal memoranda. The complaint sought disclosure of the memoranda and payment of Poll's costs of bringing the action. The OSC later denied his administrative appeal on March 15, 1996. The district court ultimately agreed with the OSC that the documents were protected from disclosure by the deliberative process, attorney work product and law enforcement privileges of FOIA.

II.

---

[1] Poll did not pursue the denial of the control documents in his appeal.

On appeal in a FOIA case, our initial inquiry is "whether the district court had an adequate factual basis on which to base its decision." See Anderson v. Department of Health & Human Servs., 907 F.2d 936, 942 (10th Cir. 1990). Assuming this prerequisite is met, in a summary judgment case such as this one, we next "review de novo the district court's legal conclusions that the requested materials are covered by the relevant FOIA exemptions." See Hale v. United States Dep't of Justice, 99 F.3d 1025, 1029 (10th Cir. 1996) (citation omitted). As in all summary judgment cases, we examine the record and reasonable inferences therefrom in the light most favorable to the nonmoving party. See id.

III.

"The FOIA allows the district court flexibility in utilizing in camera review of the disputed documents, indexing, oral testimony, detailed affidavits, or alternative procedures to determine whether a sufficient factual basis exists for evaluating the correctness of the agency determination in each case." Anderson, 907 F.2d at 942 (quotation omitted). It does not appear that the district court conducted an in camera review of the disputed documents in this case. The disputed documents do not appear in the record, and we are therefore also unable to review them in camera. Instead, the OSC submitted an affidavit from its associate special counsel, Erin McDonnell, identifying the two memoranda which

-4-

OSC had withheld from Poll, and setting forth facts in support of withholding them.

Where an agency relies on an affidavit to justify withholding of documents in a FOIA case, the affidavit must be "sufficiently detailed to permit meaningful assessment of the exemption claims." PHE, Inc. v. Department of Justice, 983 F.2d 248, 252 (D.C. Cir. 1993); see also Hale, 99 F.3d at 1030-31. The affidavit must contain "reasonably detailed descriptions of the documents and allege facts sufficient to establish an exemption." Maricopa Audubon Soc. v. United States Forest Serv., 108 F.3d 1089, 1092 (9th Cir. 1997). The agency must also explain how release of the documents will frustrate the purpose of the exemption; this explanation must be sufficiently detailed "to afford the requester an opportunity to intelligently advocate release of the withheld documents and to afford the court an opportunity to intelligently judge the contest." Weatherhead v. United States, 157 F.3d 735, 740 (9th Cir. 1998) (quotation omitted), cert. granted, 67 U.S.L.W. 3749 (U.S. Sept. 10, 1999) (No. 98-1904). An affidavit which merely parrots the language of the statute and is drawn in conclusory terms is not sufficient to permit proper review of the agency decision. See Anderson, 907 F.2d at 942. The affidavit need not be so detailed, however, that it effectively discloses the information shielded by the claim of exemption. See Hale, 99 F.3d at 1031 n.6.

**Dribinsky memorandum**

The affidavit describes the first document withheld as a two-page memorandum from Penney Moy to Leonard Dribinsky. This memorandum "contains the author's rendition of factors considered in a review of the merits of Mr. Poll's case, with a recommendation for appropriate action." Appellee's App. at 65.

OSC claims that this memorandum was properly withheld under FOIA's "deliberative process" privilege. FOIA exempts from disclosure documents which a private litigant could not obtain against the agency through normal discovery rules. See 5 U.S.C. § 552(b)(5); Grand Cent. Partnership, Inc. v. Cuomo, 166 F.3d 473, 481 (2d Cir. 1999). This exemption encompasses the traditional attorney-client and work-product privileges, see id., and also provides an "executive 'deliberative process' privilege" designed to protect predecisional internal memoranda from public disclosure, see Maricopa Audubon Soc'y, 108 F.3d at 1092; see also NLRB v. Sears, Roebuck & Co., 421 U.S. 132, 150 (1975).

McDonnell advanced the following facts to support withholding the memorandum under the deliberative process privilege. She stated that the memorandum contained a recommendation which was subject to two levels of review and therefore did not reflect the OSC's final agency decision. It was prepared to assist the special counsel in deciding what further action to take on the complaint. It was based on a distillation of documents and facts prepared by

the complaints examiner assigned to the case. McDonnell opined that disclosure of the memorandum "would reveal those facts the examiner thought would be most significant for the decision-maker to have and thus would reveal the deliberative process itself" and "would impair the expression of candid opinions among OSC personnel and adversely affect the quality of the deliberative and pre-decisional process within OSC." Appellee's App. at 67.

"To qualify for the deliberative process privilege, a document must be both predecisional and deliberative." Grand Cent. Partnership, 166 F.3d at 482. "A document is predecisional when it is prepared in order to assist an agency decisionmaker in arriving at his decision." Id. (quotation omitted). It is deliberative when it is "actually related to the process by which policies are formulated" and decisions are made. See id.

McDonnell's affidavit supplies an adequate factual basis to support the district court's determination that the deliberative process privilege applied to the Dribinsky memorandum. Moreover, we affirm the district court's legal conclusion that the memorandum falls within the deliberative process privilege. That being the case, we need not consider the other two bases for withholding disclosure advanced by OSC.

**Telephone memorandum**

The affidavit identifies the second document withheld as a memorandum of a telephone conversation between Poll and an OSC examiner, prepared by the examiner for attorney review. This memorandum "records the author's mental impressions of selected relevant portions of what was stated during the telephone conversation pertaining to Mr. Poll's complaint." Appellee's App. at 70. McDonnell opined that the document was neither a verbatim transcript nor a comprehensive summary of the telephone conversation and that it was therefore protected under 5 U.S.C. § 552(b)(5).

The affidavit does not disclose which § 552(b)(5) privilege is asserted. It does not discuss what harms could be expected to result from releasing the document. While it is true that from the information given, the district court could have concluded that the memorandum reflected the predecisional opinions or impressions of its author, see Grand Central , 166 F.3d at 482, the affidavit presents no specific facts from which the court could further conclude that the memorandum related to the decision-making process, see id. Moreover, there is no discussion of how this document fits within the work-product privilege.

The OSC also relies on the § 552(b)(7)(C) privacy exception as to this document. McDonnell stated that portions of the memorandum referred to persons other than Poll, and opined that "[r]elease of the Memorandum would

subject . . . individuals identified in the telephone memorandum to speculation as well as possible harassment." Appellee's App. at 70. These conclusory statements do not provide a sufficient factual basis to support withholding of the memorandum under the privacy exception.

"The federal agency resisting disclosure bears the burden of justifying nondisclosure." Audubon Soc'y v. United States Forest Serv., 104 F.3d 1201, 1203 (10th Cir. 1997). That burden has not been met in this instance as to the telephone memorandum. Accordingly, we must remand for further factual development on this issue. We note that since the OSC affidavit proved insufficient, the district court may choose to inspect the telephone memorandum in camera to determine whether it satisfies the relevant criteria for withholding.

IV.

Poll also appeals from the district court's decision denying his request to recover court costs from OSC. A district court may, in its discretion, award reasonable attorney fees and litigation costs if the plaintiff has "substantially prevailed" in FOIA litigation. See 5 U.S.C. § 552(a)(4)(E). A "plaintiff has 'substantially prevailed' in a FOIA case if the lawsuit was reasonably necessary and substantially caused the requested records to be released." See Gowan v. United States Dep't of Air Force, 148 F.3d 1182, 1195 (10th Cir.), cert. denied, 119 S. Ct. 593 (1998). Poll has not substantially prevailed to date because he has

not obtained release of the requested records. If, on remand, the district court orders release of records or OSC discloses them as a result of this suit, the district court may need to reconsider this issue.

The judgment of the United States District Court for the District of Utah is AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings in accordance with this order and judgment. [2]

Entered for the Court

David M. Ebel
Circuit Judge

---

[2] Poll also argues that the FOIA obligates OSC to respond to certain questions he presented to it concerning the federal merit system. The district court did not address this claim. Even if Poll adequately articulated this claim before the district court, it lacks merit. "Under FOIA, an individual may only obtain access to records written or transcribed to perpetuate knowledge or events. Therefore, FOIA neither requires an agency to answer questions disguised as a FOIA request, [nor] to create documents or opinions in response to an individual's request for information." Hudgins v. IRS, 620 F. Supp. 19, 21 (D.D.C. 1985) (quotation and citations omitted), aff'd, 808 F.2d 137 (D.C. Cir. 1987); see also DiViaio v. Kelley, 571 F.2d 538, 542 (10th Cir. 1978) (holding petitioner's request to be told whether the CIA ever had photographed him or had disseminated photographs outside of the agency was outside the scope of FOIA).